UNITED STATES, Appellee

v

WILLIE H. JOHNSON, Private First Class,
U. S. Marine Corps, Appellant

14 USCMA 75, 33 CMR 287

No. 16,629

June 14, 1963

*Lieutenant Colonel M. G. Truesdale,* USMC, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Robert C. Watson,* USNR.

*Major Daniel F. McConnell,* USMC, argued the cause for Appellee, United States. With him on the brief was *Commander John D. Moroney,* USN.

## Opinion of the Court

FERGUSON, Judge:

At a rehearing conducted before a special court-martial convened by the Commanding Officer, 2d Light AA Missile Battalion Aircraft, Fleet Marine Force, Pacific, accused was found guilty

of two specifications of larceny, in violation of Uniform Code of Military Justice, Article 121, 10 USC § 921. He was sentenced to bad-conduct discharge, forfeiture of $50.00 per month for two months, confinement at hard labor for two months, and reduction to the grade of private.

At the rehearing, the former testimony of two witnesses given at the previous trial was introduced in evidence. No attempt was made in the record to establish the reasons for the witnesses' absence or their whereabouts at the time of trial. The testimony constituted the entire case of the Government with respect to one specification and an essential portion of the proof with respect to the other count.

The Government concedes that "the standard procedure for the introduction of former testimony into evidence was not followed," but urges there was "an effective waiver by the defense." The Government's concession of error is proper. Manual for Courts-Martial, United States, 1951, paragraph 145; United States v Lazarus, 13 USCMA 509, 33 CMR 41; United States v Jester, 4 USCMA 660, 16 CMR 234; United States v Niolu, 4 USCMA 18, 15 CMR 18. However, under the circumstances of this trial—a special court-martial in which counsel were not legally qualified—we are loath to invoke the doctrine of waiver. See United States v Williams, 8 USCMA 443, 24 CMR 253; United States v Kelley, 7 USCMA 584, 23 CMR 48; United States v Pinkston, 6 USCMA 700, 21 CMR 22.

Absent the necessary foundation for its admissibility, the purported former testimony constituted nothing more than hearsay. In light of its importance to the Government's case, prejudice to the accused is apparent.

The decision of the board of review is reversed, and the record of trial is returned to The Judge Advocate General of the Navy. A rehearing may be ordered.

Judge KILDAY concurs.

QUINN, Chief Judge (concurring in part and dissenting in part):

I would affirm the findings of guilty of specification 2 and return the record of trial to the board of review for reassessment of the sentence. The owner of the property set out in specification 2 appeared as a witness at trial. His uncontradicted testimony established that his wallet and its contents were stolen. The testimony of another witness established that the accused was caught in possession of the wallet while still at the scene of the crime. The evidence of the accused's guilt of this offense is so strong that there is, in my opinion, no fair risk that he was prejudiced by the inadmissible evidence which related principally to the other offense. United States v Boyd, 7 USCMA 380, 22 CMR 170.