UNITED STATES, Appellee

v

ORVAL L. DeSHAZO, Private First Class,
U. S. Marine Corps, Appellant

17 USCMA 472, 38 CMR 270

No. 20,772

April 5, 1968

Major L. G. Bohlen, USMC, and Lieutenant Robert F. Baldwin, USNR, were on the pleadings for Appellant, Accused.

Captain John J. Kelly, Jr., USMCR, was on the pleadings for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Camp Pendleton, California, charged with two specifications of absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He pleaded guilty and was found guilty as charged. He was sentenced to confinement at hard labor for twelve months, forfeiture of $60.00 per month for a like period, and reduction to the grade of Private E-1. The convening authority approved the sentence

but provided for a period of fifteen months suspension to take effect two months from the date of his action at which time, unless sooner vacated, the unexecuted portion would be remitted. A board of review in the office of the Judge Advocate General of the Navy thereafter affirmed the findings of guilty and the sentence.

The granted issues concern both the adequacy of DeShazo's arraignment and the law officer's sentencing instructions.

The pretrial agreement in this case contains a provision for waiver of speedy trial and due process. Unlike previous instances, this agreement clearly shows that the appellant did not intend to utilize either defense. Moreover, they were not a part of the considerations for the pretrial agreement. If then there be error, it is without prejudice. United States v Pratt, 17 USCMA 464, 38 CMR 262; cf. United States v Cummings, 17 USCMA 376, 38 CMR 174.

This record also shows that DeShazo was arraigned with one other accused though tried separately. There is not the slightest indication, however, that the plea of guilty was in any way affected by this arraignment procedure. Prejudicial error is thus not evident. United States v Pratt, supra.

Prior to the court's consideration of findings and sentence, the law officer reminded the court members that he had, in a prior case that day, instructed them on procedural matters that were to be followed in arriving at a proper finding or sentence.

As to findings, the guilty plea removes the possibility of prejudice resulting from this incorporation by reference. United States v Shafer, 17 USCMA 456, 38 CMR 254; United States v Forwerck, 12 USCMA 540, 31 CMR 126.

This is also true in the matter of sentencing for it is quite apparent that the law officer was referring to the mechanics in arriving at a sentence.

Moreover, the court was expressly told to conform to the two-thirds' rule in reaching a sentence. In short, there can be no fair risk that the court was in any sense misled by the advice so given. United States v Forwerck and United States v Shafer, both supra.

The mitigating factors here consist of the guilty plea, accused's desire to return to duty, and evidence showing that accused had first requested leave and then a subsequent extension because of his wife's highly emotional condition. The law officer, in limiting his advice to the maximum permissible punishment, committed error. United States v Wheeler, 17 USCMA 274, 38 CMR 72. However, accused offered no excuse for his unauthorized absences. Indeed, the record shows that he was initially given emergency leave and though an extension of time was disapproved, he was thereafter granted assistance in obtaining a humanitarian transfer. He, nonetheless, once again went absent without leave. The observations made in United States v Mabry, 17 USCMA 285, 286, 38 CMR 83, are applicable here. We there said:

". . . Under the circumstances, however, the error was not prejudicial. The matter presented in mitigation was limited; accused offered no real explanation of his failure to comply with orders basic to the function of any military organization; and the court-martial adjudged a sentence which did not exceed half the maximum. In light of the simplicity of the matters presented and the punishment, we conclude there was no fair risk of harm from the erroneous lack of further instructions. Code, supra, Article 59(a), 10 USC § 859(a)."

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

I dissent.

Here, the accused's pretrial agreement contains the proviso waiving speedy trial and due process which we

condemned in United States v Cummings, 17 USCMA 376, 38 CMR 174. He was also subjected to multiple arraignment and inquiry into the providence of his guilty plea, a procedure which even my brothers held erroneous in United States v Pratt, 17 USCMA 464, 38 CMR 262. The law officer's instructions as to voting on the findings and sentence were incorporated by reference from an earlier proceeding, in defiance of our holding in United States v Forwerck, 12 USCMA 540, 31 CMR 126. Finally, though matters in mitigation and extenuation were presented, the law officer limited his instructions to the maximum permissible sentence, in violation of the principle we laid down in United States v Wheeler, 17 USCMA 274, 38 CMR 72. Indeed, in the haste to shorten the proceedings herein, I am surprised to find the accused was even allowed to have a trial at all.

For the reasons set forth in the Court's opinions in *Wheeler* and *Cummings,* both supra, and my dissents in *Forwerck* and *Pratt,* both supra, I would reverse the decision of the board of review, and order a rehearing at which the accused would receive a proper trial.