UNITED STATES, Appellee

v

KENNETH E. DYER, Lance Corporal, U. S. Marine Corps, Appellant

17 USCMA 475, 38 CMR 273

No. 20,801

April 5, 1968

*Captain Peter B. Work*, USMC, was on the pleadings for Appellant, Accused.

*Captain R. S. Gasiorowski,* USMCR, was on the pleadings for Appellee, United States.

## Opinion

KILDAY, Judge:

Appellant was arraigned before a general court-martial convened at Camp Pendleton, California, charged with desertion (three specifications) and breach of restriction, in violation of Articles 85 and 134, 10 USC §§ 885 and 934, respectively. He pleaded guilty and was found guilty as charged. He was sentenced to a dishonorable discharge, confinement at hard labor for five years, forfeiture of $50.00 per month for sixty months, and reduction to the pay grade of E–1. The convening authority, in accordance with a pretrial agreement, approved only so much of the sentence as provided for a dishonorable discharge, confinement at hard labor for thirty months, total forfeitures, and reduction to the pay grade of E–1. Credit was given the accused for his pretrial confinement. Thereafter, a board of review in the office of the Judge Advocate General of the Navy affirmed the findings of guilty and a sentence of dishonorable discharge, confinement at hard labor for thirty months, forfeiture of $50.00 per month for the period of confinement, and reduction to the pay grade of E–1.

We granted review on the multiple arraignment of Corporal Dyer with two others. Since then we ■ have held that the utilization of *"en masse"* arraignment of men thereafter tried individually constitutes error. United States v Pratt, 17 USCMA 464, 38 CMR 262. Prejudice is another matter. In *Pratt,* as now, the accused persisted in his plea. This record contains both a personal acknowledgment of guilt and a stipulation of fact that is a still further concession. Under these circumstances, prejudice is not the companion of error. United States v Pratt, supra.

Also evident here, as a part of the pretrial agreement, is a void waiver of any speedy trial or due ■ process issue. We so held in United States v Cummings, 17 USCMA 376, 38 CMR 174. For the same reasons expressed in United States v Pratt, supra, on this very issue, there is no resulting prejudice.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs in the result.

FERGUSON, Judge (dissenting):

I dissent.

On the basis of our decision in United States v Cummings, 17 USCMA 376, 38 CMR 174, and my dissenting opinion in United States v Pratt, 17 USCMA 464, 38 CMR 262, I would reverse the decision of the board of review and order a rehearing.