UNITED STATES, Appellee

v

JAMES A. CURTIS, Private, U. S. Marine Corps, Appellant

17 USCMA 478, 38 CMR 276

No. 20,856

April 5, 1968

*Captain Peter B. Work,* USMC, was on the pleadings for Appellant, Accused.

*Lieutenant H. L. Moore,* USNR, was on the pleadings for Appellee, United States.

## Opinion of the Court

KILDAY, Judge:

The accused was arraigned before a general court-martial convened at Camp Pendleton, California, charged with desertion and failure to obey a lawful order, in violation of Articles 85 and 92, 10 USC §§ 885 and 892, respectively. He pleaded guilty and was found guilty as charged. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for three years. The convening authority approved the dishonorable discharge and total forfeitures, but only confinement at hard labor for eighteen months. A board of review in the office of the Judge Advocate General of the Navy then affirmed the findings of guilty and the sentence as reduced. This Court granted review to consider the arraignment of this accused and others in an *"en masse"* proceeding. We also note that at the sentencing stage of this trial the law officer alluded to his instructions on procedural matters given the court that same day in an earlier case. Both procedures are in error.

On the other hand, the waiver of speedy trial and due process contained in a stipulation of fact accompanying the memorandum of pretrial agreement is specifically shown therein not to be a part of the consideration for the agreement.

Be that as it may, for the reasons set forth in United States v Pratt, 17

478

USCMA 464, 38 CMR 262; United States v DeShazo, 17 USCMA 472, 38 CMR 270; United States v Shafer, 17 USCMA 456, 38 CMR 254; United States v Brewer, 17 USCMA 474, 38 CMR 272; United States v Dyer, 17 USCMA 475, 38 CMR 273; and United States v Lance, 17 USCMA 470, 38 CMR 268, accused has suffered no prejudice.

The decision of the board of review is affirmed.

Chief Judge QUINN concurs.

FERGUSON, Judge (dissenting):

For the reasons set forth in my dis-senting opinions in United States v Pratt, 17 USCMA 464, 38 CMR 262, United States v DeShazo, 17 USCMA 472, 38 CMR 270, and United States v Forwerck, 12 USCMA 540, 31 CMR 126, I would reverse the decision of the board of review and order a re-hearing. A guilty plea simply cannot be used as an excuse to transmute a judicial proceeding into an assembly line procedure, whereby an accused bar-gains himself into the penitentiary. Accordingly, I register my disagree-ment with the result herein approved by my brethren.