UNITED STATES, Appellee

v

RICHARD C. WILLIAMS, Seaman Apprentice,
U. S. Navy, Appellant

18 USCMA 518, 40 CMR 230

No. 21,845

August 22, 1969

*Lieutenant Allen D. Black,* JAGC, USNR, argued the cause for Appellant, Accused.

*Lieutenant Matthew J. Wheeler, Jr.,* JAGC, USN, argued the cause for Appellee, United States. With him on the brief were *Colonel C. R. Larouche,* USMC, and *Commander Walter F. Brown,* JAGC, USN.

## Opinion of the Court

FERGUSON, Judge:

We granted review in this case to determine, among other things, whether the accused was denied the effective assistance of counsel because his nonlawyer appointed defense counsel advised him not to seek lawyer-counsel.

Nonlawyer-counsel was appointed by the convening authority to defend Williams before a special court-martial on charges of possession, use, and attempted sale of marihuana, in violation of Articles 134 and 80, Uniform Code of Military Justice, 10 USC §§ 934 and 880. When Williams ex-

pressed interest in obtaining a lawyer he was taken to the base legal officer. That individual informed the accused and his nonlawyer-counsel that Navy lawyer-counsel was not reasonably available in the immediate area; that if Navy legal counsel was desired, an application in writing should be made by nonlawyer-counsel to the Commanding Officer of the Submarine Base. The base legal officer made no offer to facilitate this request but, rather, suggested a further investigation of the case before a final decision was made. Apparently, the question was never submitted to the convening authority nor to higher authority. Thereafter, both the accused and his father were advised by the appointed counsel that he did not believe the services of a lawyer were necessary.

The determination of the availability of legal counsel is not one to be made by the base legal ██ officer. As this court said in United States v Cutting, 14 USCMA 347, 350, 34 CMR 127:

"The Manual for Courts-Martial, United States, 1951, indicates that this 'initial determination of the availability of requested counsel shall be made by the convening authority—and further provides that this decision is "subject to revision by his next superior authority on appeal by or on behalf of the accused."' (Empahsis supplied.) United States v Vanderpool, 4 USCMA 561, 565, 16 CMR 135; Manual, supra, paragraph 48b. The Manual interpretation of Code, supra, Article 38, is supported by review of similar questions on petition of habeas corpus. Hiatt v Brown, 339 US 103, 94 L Ed 691, 70 S Ct 495 (1950); Henry v Hodges, 171 F2d 401 (CA2d Cir) (1948)."

Whether the matter should have been further pursued by nonlawyer-counsel or by the base legal officer, we need not decide for as we said in Cutting, at page 352:

". . . While the burden is normally on the aggrieved party '

support his contention of abuse, we are loath to so charge one represented by untrained counsel when considering a matter of basic statutory entitlement."

It is clear that once a suspected accused indicates a desire to consult with legal counsel he must ██ be afforded that opportu- ██ nity. Cf. Gideon v Wainwright, 372 US 335, 9 L Ed 2d 799, 83 S Ct 792, 93 ALR2d 733 (1963); Miranda v Arizona, 384 US 436, 16 L Ed 2d 694, 86 S Ct 1602 (1966); United States v Tempia, 16 USCMA 629, 37 CMR 249. While in United States v Culp, 14 USCMA 199, 33 CMR 411, this Court decided that the appearance of nonlawyer-counsel in a special court-martial is not, in itself, a violation of an accused's constitutional or statutory rights, we have often decried the dangers in the lay practice of the law. And, we have resolutely refused to invoke the doctrine of waiver in those instances in which the accused has not been represented by trained counsel. United States v Kelley, 7 USCMA 584, 23 CMR 48; United States v Hatter, 8 USCMA 186, 23 CMR 410; United States v Johnson, 14 USCMA 75, 33 CMR 287. The value, to one accused of crime, of the advice and assistance of trained legal counsel is incalculable. Gideon v Wainwright, supra.

The facts in this case are sufficiently similar to those found in United States v Cutting, supra, to also require reversal.

Ordinarily a rehearing would be in order. In the exercise of our discretion, however, it is open to us to dismiss all charges and specifications in an appropriate case. United States v Sheeks, 16 USCMA 430, 37 CMR 50. Since, from the information available to us, it appears that the accused has been restored to duty, a rehearing is not deemed warranted.

The findings of guilty are set aside and the charges and specifications are ordered dismissed.

Chief Judge QUINN concurs.

519

DARDEN, Judge (dissenting):

This Court decided in United States v Culp, 14 USCMA 199, 33 CMR 411, that in trials by court-martial the appointment of nonlawyer-counsel is constitutionally and statutorily permissible.

In the instant case, my view is that after the accused was informed of the procedure for requesting a lawyer to defend him, he made a deliberate decision to keep the counsel already appointed.

This case is distinguishable, I believe, from United States v Cutting, 14 USCMA 347, 34 CMR 127. On the day of his trial, Cutting requested military legal assistance. In contrast, before his trial Williams only mentioned that he wanted to look into "the possibilities of a lawyer." Despite his later decision against making a request to be represented by a Navy lawyer, his merely entertaining the idea has been held to be a "desire to consult with legal counsel."

Since the base legal officer knew that at his base there were only two Navy lawyers, of whom he was one and the other of whom would have responsibility in a review of the case, I perceive no assumption of authority by him in informing the accused of this fact. He also informed the accused that he could apply "to Commanding Officer, Submarine Base, and COMCRUDESLANT and COMTHREE would be contacted as to whether counsel was available."

The accused has been restored to duty after the appointed nonlawyer-counsel persuaded the convening authority to suspend the bad-conduct discharge and at least two months of the confinement and forfeitures. Confinement at hard labor for four months and forfeitures of $60.00 per month for four months are the penalty, then, for the three offenses of possession, use, and attempted sale of marihuana.

I would affirm this conviction.