UNITED STATES, Appellee

v

MELVIN A. O'DELL, JR., Private,
U. S. Marine Corps, Appellant

19 USCMA 37, 41 CMR 37

No. 22,105

October 17, 1969

*Captain Frank A. Nelson,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Colonel C. R. Larouche,* USMC, and *Lieutenant Colonel Charles J. Keever,* USMC, were on the pleadings for Appellee, United States.

## Opinion of the Court

QUINN, Chief Judge:

At a special court-martial, the accused was represented by counsel who was a nonlawyer in the sense of Article 27, Uniform Code of Military Justice, 10 USC § 827. The court imposed the maximum confinement that can be adjudged by a special court-martial and a bad-conduct discharge, along with partial forfeiture of pay.

A review of the record of the proceedings indicates the accused requested representation by qualified military counsel but no official action was taken on his request. Relying upon United States v Mitchell, 15 USCMA 516, 36 CMR 14, the board of review concluded that since the matter was not raised at trial it would not be considered by it on review. *Mitchell* is, however, inapplicable. Waiver of the right to qualified counsel has been "resolutely refused . . . in those instances in which the accused has not been represented by trained counsel." United States v Williams, 18 USCMA 518, 519, 40 CMR 230.

It further appears that the accused was confined on August 20, 1968, the day he returned to military control from a period of unauthorized absence, and he remained under some form of restriction until September 30, when the suspension of an earlier sentence to confinement was vacated and he was confined under that sentence; there is no indication in the record that any steps were taken to bring the accused

**37**

to trial on the charge for which he was confined until the formal charge sheet was prepared on September 30. See Article 10, Code, supra, 10 USC § 810. At trial, the accused and six others facing unrelated charges were subjected to "[c]ommunity examination" as to the right to counsel, as defined in Article 38(b), Code, supra, 10 USC § 838, the right to enlisted membership on the court-martial, and whether they had had pretrial consultation with counsel regarding their rights at trial; this kind of *en masse* proceeding has been condemned. See United States v Pratt, 17 USCMA 464, 466, 38 CMR 262. The inquiry into the accused's understanding of the elements of the offense and the meaning and effect of his plea of guilty does not conform to the procedure approved in United States v Chancelor, 16 USCMA 297, 36 CMR 453. Some of the instructions in regard to the sentence are contrary to decisions of this Court, and others are not supported by any of the evidence in the case. See United States v Slack, 12 USCMA 244, 30 CMR 244; United States v Rigney, 16 USCMA 617, 37 CMR 237.

Considering all the proceedings, we are unable to conclude that the accused was accorded the rights and the kind of trial contemplated by the Uniform Code of Military Justice and the Manual for Courts-Martial, United States, 1951. Accordingly, the decision of the board of review is reversed. The findings of guilty and the sentence are set aside and the charge is ordered dismissed. United States v Evans, 18 USCMA 3, 39 CMR 3.

Judge FERGUSON concurs.

DARDEN, Judge (dissenting):

I dissent. The accused was indeed defended by nonlawyer-counsel before this special court-martial. But the record also shows that he was asked if he had been advised of his right under Article 38(b), Uniform Code of Military Justice, 10 USC § 838, to be represented by civilian counsel, military counsel of his own selection, or by counsel duly appointed pursuant to Article 27, Code, supra. Appointed counsel responded in the affirmative in behalf of the accused, stating that the latter would be defended by counsel present. Cf. United States v Donohew, 18 USCMA 149, 39 CMR 149.

Thirty eight days after trial and four days after the convening authority's action, this accused filled out a form by deleting the word "not," thereby indicating he had requested lawyer-counsel. In this factual context, I doubt the aptness of United States v Williams, 18 USCMA 518, 40 CMR 230, relied upon by the majority. That case at least turned on a supposed pretrial request for legal counsel. The decision in this case conflicts with the views in United States v Mitchell, 15 USCMA 516, 520, 36 CMR 14, that:

". . . It would make a mockery of the judicial process to hold solemn trial proceedings for naught on appeal, when the defense has sat silently by in the trial forum and induced by such inaction the very situation as to which complaint is later made if the trial verdict proves unfavorable. Were that situation to be countenanced, then by silence at trial, reversal on appeal could be assured in the event of a conviction. . . . 'A criminal trial is not a guessing game'. . . ."

The collective arraignment found erroneous in United States v Pratt, 17 USCMA 464, 467, 38 CMR 262, did not result in prejudice to that accused. Thus, why does it here? Of Pratt's plea of guilty, the Court concluded:

". . . There is no reason to believe that correct arraignment practices would have brought about a different plea in light of these attending circumstances. Thus, we are satisfied that in this record error exists unaccompanied by prejudice. Cf. United States v Butler, 9 USCMA 618, 26 CMR 398; United States v Griffin, 15 USCMA 135, 35 CMR 107."

The conclusion is equally applicable to O'Dell's plea of guilty.

Finally, the inquiry into the provi-

38

dence of the accused's plea of guilty is equal to that found in United States v Care, 18 USCMA 535, 40 CMR 247. Moreover, in mitigation, the accused took the stand and related "I am guilty of going UA."

In short, I find in this case nothing that requires reversal of the accused's conviction for absence without leave. Indeed, I consider the grant of review in this case as having been improvident.