UNITED STATES, Appellee

v

LESLIE T. ANDREWS, Specialist Five,
U. S. Army, Appellant

21 USCMA 165, 44 CMR 219

*Captain Peter J. Horner, Jr.*, argued the cause for Appellant, Accused. With him on the brief were *Colonel George J. McCartin, Jr.*, and *Captain Norman L. Blumenfeld.*

*Captain Leon J. Schachter* argued the cause for Appellee, United States. With him on the brief were *Colonel David T. Bryant, Lieutenant Colonel Ronald M. Holdaway*, and *Captain Richard L. Menson.*

## Opinion of the Court

DARDEN, Chief Judge:

The appellant's general court-martial conviction for larceny and his sentence to a bad-conduct discharge, confinement at hard labor for one year and one day, and forfeiture of $75 per month for 12 months with reduction in grade remain unchanged after earlier appellate review. The issue before this Court is whether Andrews was prejudiced by being denied the assistance of the counsel of his choice.

Captain Howard Wayne represented the appellant at a second Article 32 investigation after the first investigation was objected to on several grounds. When the trial began on November 10, 1969, Captain Wayne continued as counsel at the request of the appellant, with a Captain Stevens functioning as assistant. Captain Wayne moved for dismissal of the charge, arguing as one basis, with the support of a psychiatrist, that Andrews suffered from a mental disease. Trial counsel then obtained a continuance until November 14, 1969, to permit the convening of a sanity board to inquire into the mental responsibility of Andrews. Captain Wayne unsuccessfully objected to this delay by informing the court that Government counsel had been forewarned that defense would place Andrew's sanity in issue and that since the end of his own service was near, he would not be available to the appellant as military counsel after his release from active duty.

At Andrews's insistence, Captain Wayne then secured a further delay in order to obtain the services of a private psychiatrist for further psychiatric evaluation of the appellant. Under questioning, Andrews indicated to the military judge his awareness that because of Captain Wayne's scheduled release from active duty a continuance could result in his not being available as appointed counsel but that he could be retained as a civilian at Andrews's expense.

When the court reconvened, Captain Wayne was absent, as he had returned to Boston after his release from active duty.

Defense affidavits that are uncontested as to their content provide additional information. In one of them Andrews stated that he had desired to retain Captain Wayne as individual defense counsel after the Captain's release and had agreed to pay him reasonable travel expenses but that Captain Wayne later informed him the staff judge advocate had "indicated" he could not continue to function as individual counsel. Although he desired Captain Wayne's presence at trial, Andrews thought he could do nothing to bring this about.

In an affidavit of similar content, Captain Wayne substantiated the existence of an agreement to continue as counsel under the terms mentioned in the affidavit of Andrews. He declared that his superior officer, Captain Ging, the Post Judge Advocate at Fort Myer, Virginia, informed him that " 'higher military authority' " had decided it

would be improper for Captain Wayne to act as civilian counsel and receive payment from the appellant for work done while in uniform. As a result, Captain Wayne did not appear again in behalf of the appellant. Captain Stevens conducted the defense without the aid of civilian counsel.

In a third affidavit, a Major Dancheck related that he had been the Acting Staff Judge Advocate for the Military District of Washington until November 18, 1969, when Colonel Kreiger, the regular Staff Judge Advocate, returned from convalescent leave. On November 14, 1969, Major Dancheck had received a telephone call from Captain Ging, who was alarmed by and suspicious about the arrangement between Captain Wayne and the appellant that referred to no fee except travel reimbursement. Because of his opinion that Captain Wayne had already been compensated for his efforts in the case by receipt of Army pay and allowances, Captain Ging asked the Major " 'to do something.' " Major Dancheck thought the arrangement was not improper or unethical and he refused to prevent Captain Wayne's continued participation after release from active duty or to refer the issue to the office of the Judge Advocate General.

Major Dancheck's affidavit stated further that later the same day he received a phone call from a Colonel Nichols, then Chief of the Military Affairs Division in the office of the Judge Advocate General. Captain Ging had already called Colonel Nichols to ask for an opinion "on the objectionability of CPT Wayne's continued representation." Colonel Nichols "in adamant tones" advised Major Dancheck that the former's "office" had decided that Captain Wayne was barred from further representation in this case by section 207 of Title 18, United States Code. That section disqualifies an officer or employee who, after the end of his Government service, knowingly acts as attorney or agent for anyone other than the Government in connection with a matter in which he participated personally and substantially as a Government officer or employee.

Major Dancheck's affidavit continues that he then examined the statute and discussed Colonel Nichols's decision with Captain Johnson, the prosecutor. Both he and Captain Johnson believed that Colonel Nichols misunderstood the statute and they thought that invocation of the statute had resulted from reasons other than purely legal ones.

Major Dancheck later informed Captain Wayne that Colonel Nichols believed Captain Wayne would violate the law if he continued to serve as counsel when he became a civilian. Concerned about the possibility of a letter critical of his conduct from the Judge Advocate General to the Massachusetts State Bar, Captain Wayne asked for Major Dancheck's assurance that the Colonel's opinion would not be put in writing. Major Dancheck replied that he had received no indication that a formal opinion would be issued on the subject.

Appellate defense counsel view these developments in several ways. They argue first that when Andrews showed an intent to retain Captain Wayne as a civilian counsel the military judge was required under United States v Donohew, 18 USCMA 149, 39 CMR 149 (1969), to inform the appellant that he had that right. Citing United States v Murray, 20 USCMA 61, 42 CMR 253 (1970), they also contend that Captain Wayne could not be routinely dismissed after he and the appellant had established an attorney-client relationship. Finally, Andrews's counsel urge that the appellant was denied his right to civilian counsel of his own choice as guaranteed by Article 38(b), Uniform Code of Military Justice, 10 USC § 838.

The evidence satisfies us that an attorney-client relationship existed between Captain Wayne and Andrews and that both had agreed to continue the relationship after the former's separation, with the consideration being the reimbursement of his travel expenses. Captain Wayne's agree-

ment to continue appears to be consistent with the Military Affairs Opinion[1] that a Judge Advocate General Corps officer released from active duty may continue to act for an accused as a civilian immediately after his release. That opinion conforms with our view of the applicable law. On its face, Captain Wayne's continued participation harbored no conflict of interest, since the parties to that relationship remained the same. Captain Wayne's participation in this case ended because suspicion and conjecture prevailed over the assurances of both Captain Wayne and Andrews about the terms and scope of their arrangement.

The unwarranted intervention of Captain Wayne's superiors deprived Andrews of his statutory right to have the civilian counsel of his choice.

Appellate Government counsel maintain, however, that Andrews waived his right to be represented by Captain Wayne in either a military or a civilian status by failing to object to the latter's absence when the trial reconvened. They emphasize that Captain Stevens provided representation that was more than adequate. If the military judge "naturally assumed" Captain Wayne was absent because he and Andrews could not agree on terms, appellate Government counsel would charge Captain Stevens with the responsibility for correcting any such impression. Waiver of counsel can be effectively accomplished, according to Government counsel, despite the lack of the military judge's specific determination that Andrews agreed to the absence of the counsel he had desired. Government counsel argue further that in the absence of evidence that trial defense counsel was incompetent or disloyal to his client, the defense should not benefit by raising for the first time on appeal an objection that perhaps could have been satisfied if it had been made at trial. We disagree.

Courts should not lightly indulge the waiver of a fundamental right. Glasser v United States, 315 US 60, 86 L Ed 680, 62 S Ct 457 (1942). An understanding of the alternatives is a necessary component of an informed waiver. From the information before us we conclude that Andrews asked for a continuance with the belief that the then existing client-attorney relationship would remain undisturbed by Captain Wayne's return to civilian life. When trial resumed, both Andrews and Captain Stevens must have realized the futility of questioning further at trial the decision of the officers who had already determined that Captain Wayne was unavailable. At that point, Andrews in fact had no choice except to continue with Captain Stevens as his counsel. The appellant's silent acceptance of a condition he apparently was powerless to change can hardly be called an exercise of free will. *Compare* United States v Cutting, 14 USCMA 347, 34 CMR 127 (1964), *with* United States v Mitchell, 15 USCMA 516, 36 CMR 14 (1965).[2]

The occurrence of such error dictates reversal without regard to the existence or amount of prejudice sustained. Glasser v United States, supra; United States v Murray, supra; United States v Williams, 18 USCMA 518, 40 CMR 230 (1969).

We reverse the decision of the Court of Military Review. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judges QUINN and DUNCAN concur.

---

[1] Department of the Army Pamphlet 27–71–6, Judge Advocate Legal Service, March 25, 1971, page 9.

[2] The case at hand also differs factually from United States v O'Dell, 19 USCMA 37, 41 CMR 37 (1969), a case in which I dissented. O'Dell's requested representation by qualified military counsel met only official silence for *reasons unknown.*