UNITED STATES, Appellee,

v.

Curley L. SMITH, Private First Class, U. S. Army, Appellant.

No. 29,802.

U. S. Court of Military Appeals.

Sept. 19, 1975.

*Colonel Victor A. DeFiori, Lieutenant Colonel James Kucera, Captain Steven J. McAuliffe, and Captain Sammy S. Knight* were on the pleadings for Appellant, Accused.

*Lieutenant Colonel Donald W. Hansen, Major Steven M. Werner, Captain Keith H. Jung, Captain Joel M. Martel, and Captain Allan A. Toomey* were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

Tried by a general court-martial convened by the Commanding General, 82d Airborne Division, Fort Bragg, North Carolina, the appellant was found guilty of two specifications of larceny and one specification of transferring a forged check in violation of Articles 121 and 123, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 923. This appeal questions whether the substitution of a military judge after arraignment without a showing of good cause deprives the court-martial of jurisdiction to proceed with the case.

Two preliminary sessions were held prior to trial in this case. At the first Article 39(a), 10 U.S.C. § 839(a) session, the appellant elected to have enlisted members serve

on his court-martial, and he pleaded not guilty to the charges and specifications. After a trial date was set, the session was terminated. Four days following the date set for trial, another Article 39(a) session was held, but on this occasion a different military judge was presiding, pursuant to amended court-martial convening orders. This military judge announced, "I've replaced the previous judge who is not available." He then gave the defense the opportunity to exercise any challenge against him, to which appellant's counsel responded, "[T]he defense has no challenge for cause—no challenge whatsoever." The appellant then changed his pleas from not guilty to guilty; findings were entered on the pleas; several evidentiary questions were resolved; and the session was terminated to allow assembly of the court-martial with members.

In *United States v. Boysen*, 11 U.S.C.M.A. 331, 29 C.M.R. 147 (1960), we observed that no provision of the Uniform Code of Military Justice then specifically referred to the absence or excuse of a law officer. However, after noting the legislative history of the Uniform Code of Military Justice, the procedure existing in federal courts, and paragraph 39e, Manual for Courts-Martial, United States, 1951,[1] we held that a convening authority was not unrestricted in his power to excuse a law officer. Relying on *United States v. Grow*, 3 U.S.C.M.A. 77, 11 C.M.R. 77 (1953), which recognized that Article 29(a), UCMJ, 50 U.S.C. § 593, as then existing, required a showing of good cause for the excuse of a court member

after arraignment, we determined that a similar standard should be applied to the excuse of a law officer and that it was error to proceed over defense objection to his absence.[2]

Article 29(a), UCMJ, 10 U.S.C. § 829, has now been amended to require a showing of good cause for excuse of a court member by a convening authority after the assembly of the court rather than arraignment. While Article 29(d) presently provides for the replacement of a military judge of a court-martial composed of only a military judge,[3] there is no specific provision for excusing the military judge of a court-martial with members. However, as we noted in *United States v. Boysen, supra*, the power of a convening authority to excuse a military judge (law officer) is not unlimited.

■■■ The question remains as to when a showing of good cause is required. Recent modifications to the Uniform Code of Military Justice allow preliminary sessions without the court members for the purpose of determining various matters prior to trial. *See* Article 39(a), UCMJ. The function of the Article 39(a) session is to separate the trial itself from other preliminary and collateral matters which do not go directly to the issue of the guilt or innocence of an accused. Although the matters capable of resolution at a preliminary session are many and varied, ranging from accepting pleas to ruling on speedy trial or suppression motions, they possess one common characteristic: they are divisible from the other issues in a case. There is no logical or

---

1. This paragraph provided:
   The law officer should not be changed during the progress of a trial except for a good reason.
   Presently, paragraph 39e, Manual for Courts-Martial, United States, 1969 (Rev.), provides:
   The military judge may not be replaced during the progress of a trial except for physical disability, as a result of challenge, or for other good cause.

2. *See United States v. Matthews*, 17 U.S.C.M.A. 632, 38 C.M.R. 430 (1968); *United States v. Metcalf*, 16 U.S.C.M.A. 153, 36 C.M.R. 309 (1966); *United States v. Greenwell*, 12 U.S.C.M.A. 560, 31 C.M.R. 146 (1961).

3. Article 29(d), UCMJ, 10 U.S.C. § 829(d), provides:
   If the military judge of a court-martial composed of a military judge only is unable to proceed with the trial because of physical disability, as a result of a challenge, or for other good cause, the trial shall proceed . . . after the detail of a new military judge as if no evidence had previously been introduced, unless a verbatim record of the evidence previously introduced or a stipulation thereof is read in court in the presence of the new military judge, the accused, and counsel for both sides.

legal necessity for the same judge both to rule on each and every pretrial matter and to sit as military judge at trial. After trial begins, of course, good cause must be shown for relieving a military judge, Article 29(d), UCMJ;[4] but before trial a requirement to show good cause for the assignment of different judges to sit in Article 39(a) sessions would needlessly hamper the administration of justice at the local level.

We accordingly hold that a military judge may be replaced prior to the assembly of a court by a convening authority without a showing of good cause. If the replacement occurs once the court has been assembled, however, good cause must still be demonstrated and made a matter of record. *United States v. Boysen, supra.*

Such an interpretation, we believe, gives the needed flexibility for the timely assignment of military judges to facilitate the administration of military justice in a highly effective and efficient manner and yet avoid any unlawful interruption or interference with the trial proper.[5] Since the military judge in the present case was so replaced prior to the assembly of the court, no showing of good cause was necessary and no error affecting the jurisdiction of the court-martial occurred by proceeding with the trial.

The decision of the U. S. Army Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.

4. Article 29(d), UCMJ, permits the continuation of a trial before a court composed of a military judge alone if such judge is excused for good cause. We also have not overlooked paragraph 39e, MCM, which requires a demonstration of good cause for the replacement of a military judge during the progress of a trial. As we interpret these provisions, the term "trial" contemplates a trial on the merits rather than preliminary sessions and the resolution of preliminary matters.

5. We wish to emphasize that this opinion in no way condones the replacement of a military judge prior to assembly for improper motives. Such a case would warrant severe remedial action. *See Petty v. Moriarty,* 20 U.S.C.M.A. 438, 43 C.M.R. 278 (1971); *United States v. Knudson,* 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954).