UNITED STATES

v.

**Michael James COZAD, 560 04 2657, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 78 1267.**

U. S. Navy Court of Military Review.

Sentence adjudged 30 Jan. 1978.

Decided 8 March 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT Anne L. MacArthur, JAGC, USN, Appellate Government Counsel.

Before BAUM, MICHEL and GRANGER, JJ.

BAUM, Senior Judge:

Appellant has assigned two errors before this Court: (1) That the appellant was improperly tried and convicted in absentia by a court-martial before which he had never been arraigned; (2) that the record is not a verbatim record in that portions of undeterminable importance to the proceedings have been deleted from the record. We find merit in both assignments. Based on the first, we must reverse.

Paragraph 11c, *Manual for Courts-Martial, United States, 1969* (Revised edition) permits trial of an accused in his absence, if it is voluntary and unauthorized, and if it is "after the trial has commenced in his presence and he has been *arraigned* . . . ." [Emphasis added]. Arraignment is a "two step process that includes the reading of the charges, or waiver of that reading, and the calling for pleas from the accused." *United States v. Wolff*, 5 M.J. 923, 925 (N.C.M.R.1978); paragraph 65 a, *Manual for Courts-Martial, United States, 1969* (Revised edition). Here, the record of trial on page 1 contains the following preliminary comment:

> (The accused, Michael James Cozad, was arraigned along with 12 others [sic] accused on 1–6–78; only those matters concerning the accused Cozad are transcribed herein:)

That purported arraignment was transcribed as follows:

MJ: You may arraign the accused.

TC: Your Honor, the charges in all these cases have been signed by a person who is subject to the Code as an accuser, they are properly sworn to before a commissioned officer of the Armed Forces authorized to administer oaths and all of

them have been properly referred to this court for trial by Commander W. D. Hiatt, U. S. Navy, who is the convening authority.

MJ: I ask now each one of you how do you plead to the Charges and Specifications in your case.

This completes the arraignment.

It is clear from this verbatim account that there was no reading of the charges or waiver of that reading. Accordingly, arraignment was not completed in accordance with the *Manual*.

In *United States v. Wolff, supra*, we stated, "The purpose of arraignment is to ensure in a formal and ritualistic manner that the accused is aware of the charges against him and that he is protected against a second prosecution for the same misconduct."[1] We found both ends met in that case despite a failure to read the charges to the accused or obtain his waiver of the reading. Based on a variety of occurrences at trial in the accused's presence, we were able to conclude that, "appellant unquestionably knew what the charges were . . . ."[2] Such cannot be said in this case. There is absolutely nothing in the record during the purported arraignment that refers to the specific charges against the appellant or that identifies the charge sheet attached to the record of trial. There is no showing that the appellant or the judge even had a copy of the charges at trial. No motions which would identify the charges were litigated before the appellant, and when trial on the merits commenced the accused was not present. There is just no way from this record to tell whether appellant knew the charges on which he was arraigned. He faced the judge with 12 other accused and the charges against him were not even described in general terms. Accordingly, despite the fact that the charge sheet attached to the record reflects that appellant was served with a copy of that charge sheet approximately 5 months before trial, we cannot say with certainty that those were the charges and specifica-

tions to which he was asked to plead, or that he knew the charges against him at the time of trial. Since appellant was not properly arraigned and the record does not affirmatively demonstrate that he understood what the charges were, the trial should not have proceeded in his absence. For this reason, the findings of guilty must be set aside. There are also other aspects of this trial that concern us and require comment.

As indicated earlier, the appellant appeared in court on 6 January 1978, for arraignment along with 12 other accused and their counsel. He appeared again on 11 January 1978, the date he had been told he would be tried, with 5 other accused and their counsel. At that time, the Government was granted a continuance until 18 January, over defense objection. On 18 January, court convened in appellant's absence. His counsel was present along with another defense counsel who was apparently representing two other absent accused. It was during these sessions that matters presumably relating exclusively to other accused were not transcribed. The notation "(other matters)" appears throughout these portions of the record and we are unable to determine whether or not these "other matters" are substantial omissions with respect to appellant. Since this is impossible to determine, we must view the missing matters in a light most favorable to the appellant and, accordingly, we find these omissions to be substantial. The record, thus, is rendered non-verbatim. Interestingly, the endorsement on the charge sheet attached to the record, by which the convening authority has referred charges to a particular special court-martial, includes no special instructions to try appellant in a common trial with other accused, or that certain portions of the trial were to be held in conjunction with other accused. Furthermore, the authority for conducting this trial with multiple accused does not readily appear elsewhere in the record. None of the military judges who presided at the various

---

1. 5 M.J. at 925.

2. 5 M.J. at 926.

sessions cited any authority for such a practice, and we find none in the Uniform Code of Military Justice or the *Manual for Courts-Martial*. Procedures such as were followed in this case have been condemned in the past by the United States Court of Military Appeals. *See United States v. Pratt*, 17 U.S.C.M.A. 464, 38 C.M.R. 262 (1968), and most recently by this Court. *United States v. Thompson*, N.C.M. 78 0650 (26 January 1979). We voice, again, our objection to the practice of conducting arraignments and other proceedings with multiple accused, who are not being tried jointly or in common on orders by the convening authority. This practice should be discontinued.

 Another procedure which this Court has previously criticized is the utilization of different judges to preside over various sessions of trial without a showing of good cause. *United States v. Jones*, 6 M.J. 568 (N.C.M.R.1978); *United States v. Weishaar*, 5 M.J. 889 (N.C.M.R.1978). In the instant trial, three different judges sat at various times without explaining the circumstances prompting their replacement. Although, the United States Court of Military Appeals has sanctioned the practice of replacing judges without a showing of good cause if the trial is not to be by judge alone [3] and replacement is accomplished before assembly of the court, *United States v. Smith*, 23 U.S.C.M.A. 555, 50 C.M.R. 774 (1975), it was emphasized in that case that replacement prior to assembly for improper motives was not condoned. Without an explanation in the record for the substitution of judges, we find it impossible to determine whether the motives were proper or not. Accordingly, despite the apparent approval in *United States v. Smith, supra,* of the use of multiple judges before assembly without a showing of good cause, we reiterate our objection to such a practice.

For the reasons indicated earlier, the findings of guilty and sentence are set aside. A rehearing may be ordered if deemed practicable.

Judge MICHEL concurs.

GRANGER, Judge (concurring in the result):

I concur that the findings must be set aside because appellant was tried in absentia without having been properly arraigned.

I also join in the condemnation of the mass arraignment practice used in the judicial circuit in which this case was tried. I also conclude with the majority that the record in this case is not verbatim and is inadequate. *See United States v. Thompson*, No. 78 0650 (N.C.M. 26 January 1979).

I find nothing at all improper in the substitution of judges prior to the assembly of the court, and I disassociate myself from the majority's criticism of such substitution. *See United States v. Smith*, 23 U.S.C.M.A. 555, 50 C.M.R. 774 (1975).

---

**3.** Article 29(d), UCMJ, 10 U.S.C. § 829(d), requires the showing of good cause before a trial may proceed with a replacement judge when the court-martial is composed of a military judge only. Here, the appellant never was queried about his desires in this regard during the sessions with other accused, possibly to his detriment.