**UNITED STATES**

v.

**Mark Allen THOMPSON, 099 50 3039, Airman Apprentice (E–2), U. S. Navy.**

**NCM 78 0917.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Feb. 1978.

Decided 29 March 1979.

LT Christopher C. Henderson, JAGC, USNR, Appellate Defense Counsel.

CAPT John P. Hertel, USMC, Appellate Government Counsel.

Before CEDARBURG, C. J., and FERRELL and ROOT, JJ.

ROOT, Judge:

Appellant was tried by a military judge sitting alone as a special court-martial. Contrary to his pleas, he was convicted of seven specifications in violation of Article 86, UCMJ, 10 U.S.C. § 886. He was sentenced to a bad-conduct discharge, confinement at hard labor for a period of 2 months, forfeiture of $265.00 pay per month for 6 months and reduction to pay grade E–1. The convening authority approved the sentence, but suspended execution of the punitive discharge for the period of confinement and 1 year. The supervisory authority approved the sentence, as modified by the convening authority, and the record of trial was forwarded to this Court for review.

Appellant requests that we set aside the findings and sentence in this case and offers in support three assignments of error:

## I

AIRMAN APPRENTICE THOMPSON WAS SUBJECTED TO A MASS ARRAIGNMENT.

## II

THE RECORD OF TRIAL IS NOT VERBATIM.

## III

THERE WAS NO COMPLIANCE WITH *UNITED STATES V. DONOHEW.*

▪ The appellant was subjected, on 22 December 1977, to an *en masse* arraignment with numerous other individuals whose charged offenses were apparently entirely unrelated to his charges.

The arraignment *en masse* of several accused who are to be tried separately on entirely unrelated charges is an unwise procedure, fraught with peril to the rights of supplicants before the Bar of Justice, and totally without foundation in either the Uniform Code of Military Justice or the *Manual for Courts-Martial, United States, 1969* (Revised edition). The procedure has been found specifically to be error when used for examining the voluntariness of an accused's plea of guilty. *United States v. Pratt,* 17 U.S.C.M.A. 464, 38 C.M.R. 262 (1968); *United States v. Lance,* 17 U.S.C.M.A. 470, 38 C.M.R. 268 (1968); *United States v. DeShazo,* 17 U.S.C.M.A. 472, 38 C.M.R. 270 (1968); *United States v. Brewer,* 17 U.S.C.M.A. 474, 38 C.M.R. 272 (1968); *United States v. Dyer,* 17 U.S.C.M.A. 475,

38 C.M.R. 273 (1968); *United States v. O'Dell*, 19 U.S.C.M.A. 37, 41 C.M.R. 37 (1969). In *United States v. Pratt, supra*, Judges Kilday and Quinn tested for prejudice. Dissenting, Judge Ferguson called for a rule of reversible error *per se*. Appellant urges this Court to adopt Judge Ferguson's *per se* prejudice rule and reverse this case. We do reverse, but believe the test for prejudice is the law. We can distinguish the facts in this case from those in *United States v. Pratt, supra*, and those cases following it. The issue before the court in *United States v. Pratt, supra*, concerned the procedure employed to test the voluntariness and providency of the accused's pleas of guilty. In the case *sub judice*, the appellant pleaded not guilty and proof was admitted on each offense of which he was found guilty.

The deficiencies of mass arraignments, however, are not limited in scope to guilty plea inquiries:

> [U]nmistakably conspicuous is the potential for evil. We echo, therefore, the appraisal of others that ignorance on the part of any one accused may well be concealed by a sheeplike following in the refrain of others. Further, this same arraignment will detract significantly from . . . efforts to instill in an accused that personal relationship so vital and necessary if the latter is to benefit from the advice and experience that the law officer might favorably bring into play in behalf of an accused. (Citations omitted) In short, the utilization of *en masse* examinations is a procedure that should be ended forthwith. *United States v. Pratt, supra*, 17 U.S.C.M.A. at 467, 38 C.M.R. at 265.

A mass arraignment has been found to be "an unsound mode of procedure which may variously work a disservice to persons accused, the public, or both. . . ." *United States v. Logan*, No. 67 2962 (N.B.R. 26 October 1967), cited in *Pratt*, 17 U.S.C.M.A. at 466, 38 C.M.R. at 264. The instant case is illustrative of the malignant nature of mass arraignment and associated practices, with attendant disservice to both the accused and Government.

Incredibly, the appellant was arraigned with 27 other accused persons. This record of trial is replete with omissions where, presumably, the excluded matters were related to arraignment of accused other than the appellant. Article 19, Uniform Code of Military Justice, 10 U.S.C. § 819 and paragraphs 15*b* and 83*a* of the *Manual for Courts-Martial, United States, 1969* (Revised edition) require a verbatim transcript of all proceedings held in open session where a bad-conduct discharge is adjudged. The practice of subjectively editing a record of trial to facilitate *en masse* arraignments is questionable at best.

The area of the administration of human rights and simple justice does not readily lend itself to the assembly line technique of modern industry. There are no short cuts when a man's liberty, reputation, or property rights are concerned. The effort to streamline twenty-eight trials by a mass arraignment proceeding resulted, in this case, in a defense counsel present at arraignment who was not present at the remainder of trial, and one present at the rest of the trial who was not present at the arraignment. Under the peculiar practice revealed by this record, the military judge presiding at arraignment also was not present at the rest of appellant's court-martial. In fact, the record reflects three different military judges who at one session or another presided over appellant's court-martial. When the defense counsel asked the military judge who would be presiding in the case he was told that, "[T]he judge will be whatever judge happens to be assigned to handle cases that day". (R.16). The result of this procedure is reflected in a dialogue between the defense counsel and military judge on a motion concerning appellant's arraignment, at which neither was present and about which both knew essentially nothing. When defense counsel requested a record of the arraignment to discover what transpired at the earlier session, it was denied him because the military judge didn't know how he could authenticate it (R.70–71).

Thus, the mass arraignment in this case led to a non-verbatim transcript, contrary to Article 19, Uniform Code of Military Justice and paragraphs 15*b* and 83*a* of the *Manual for Courts-Martial, United States, 1969*, (Revised edition), to the multiple assignment of military judges and to a bifurcated proceeding with participants of the latter half unknowing of what transpired in the first half.

 In *United States v. Donohew*, 18 U.S.C.M.A. 149, 152, 39 C.M.R. 149, 152 (1968), the Court of Military Appeals mandated that the record in each special or general court-martial "should contain the accused's personal response to direct questions incorporating each of the elements of Article 38(b), as well as his understanding of his entitlements thereunder." The transcript of trial reflects that the first military judge in this case addressed all 28 accused at the same time when he explained Article 38(b), 10 U.S.C. § 838(b) entitlements (R.3). The record then contains the following:

> Is there anyone (sic) of you who does not understand your rights to counsel?
> ACC: (No response.)
> MJ: It appears that each does understand his right to counsel. Is there anyone here who would like for me to explain their rights to counsel to them in any more detail?
> ACC: (No response.) (R.3–4)

Inasmuch as we decline to equate the silence of an accused with his personal response, this clearly fails to evidence the personal responses of this appellant. However, as appellant was afforded another counsel inquiry at a subsequent session, we conclude that the two attempts, construed together, minimally comply with the requirements of *Donohew*.

Based on all of the foregoing, we are unable to conclude that the accused was afforded the fair trial to which he was entitled. *See United States v. Thompson*, No. 78 0650 (N.C.M.R. 26 January 1979); *United States v. Cozad*, No. 78 1267, 6 M.J. 958 (N.C.M.R. 8 March 1979). Accordingly, the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General. A rehearing is authorized.

Chief Judge CEDARBURG and Judge FERRELL, concur.