### UNITED STATES

v.

**Henry Lee VELIS, 549 92 9175, Seaman (E-3), U. S. Navy.**

### NCM 78 1634.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 April 1978.

Decided 18 May 1979.

700

LT Michael F. Fink, JAGC, USNR, Appellate Defense Counsel.

LCDR Bradley S. Beall, JAGC, USN, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

PER CURIAM:

Pursuant to his pleas, appellant stands convicted of unauthorized absences of approximately 6 months and 10 months. The sentence approved on review below provides for a bad-conduct discharge, confinement at hard labor for 2 months, and reduction to pay grade E–1.

■ Appellant was subjected to an *en masse* arraignment, along with 16 other defendants whose charged offenses apparently were unrelated to those against appellant. This practice has been condemned in the past by the Court of Military Appeals, *see e. g., United States v. Pratt,* 17 U.S.C. M.A. 464, 38 C.M.R. 262 (1968), and *United*

*States v. O'Dell,* 19 U.S.C.M.A. 37, 41 C.M.R. 37 (1969), and more recently by this Court, *see United States v. Thompson,* No. 78 0917, 6 M.J. 989 (N.C.M.R.1979); *United States v. Cozad,* 6 M.J. 958 (N.C.M.R.1979); *United States v. Thompson,* No. 78 0650 (N.C.M.R. 26 Jan. 1979). We have declined, however, to adopt the doctrine of *per se* reversible error, called for by Judge Ferguson in his dissenting opinion in *Pratt* and now urged by appellant in this case. Rather, the practice must be examined for prejudice on a case-by-case basis.

■ In this case, we are unable to detect any prejudice to appellant in the *en masse* arraignment procedures. Unlike the situation in *Cozad,* we note that this appellant was furnished a copy of the charges against him and, through counsel, waived the reading of these charges. (R. 6). Appellant was then called upon to enter his pleas (R. 7), thereby completing the arraignment process. *See United States v. Boehm,* 17 U.S.C.M.A. 530, 38 C.M.R. 328 (1968); *United States v. Wolff,* 5 M.J. 923 (N.C.M.R. 1978), *pet. denied* 6 M.J. 305 (C.M.A.1979). Appellant in this case does alleged specific prejudice in the *en masse* arraignment in the form of inadequate advice concerning his right to counsel. *See United States v. Donohew,* 18 U.S.C.M.A. 149, 39 C.M.R. 149 (1969). Although such advice was very sketchy at the time of the *en masse* arraignment, the advice was reviewed and expanded upon by the military judge when appellant's separate trial commenced 40 days later. (R. 12, 13). Any deficiency in the earlier advice was cured.

■ Left for consideration is the question whether the record of trial in this case can be considered verbatim. Portions of the *en masse* arraignment are not transcribed and are merely reflected in the record of trial as "other matters." Such an entry appears nine times in the record of trial. Viewing these entries in context, it is obvious that they pertain to the other defendants and concern their waiver of the three-day delay after service of charges (R. 2), the reading of the convening orders (R. 2), the determination as to who would be

representing the other defendants (R. 3), the determination of whether the other defendants understood their counsel rights (R. 4, 5), the waiver of the reading of the charges as to the other defendants (R. 6), and the setting of trial dates for the other defendants (R. 8, 9). Under these circumstances, we do not consider the omissions from the record of trial to be "substantial" and we find the record of trial to be verbatim. *See United States v. Sturdivant,* 1 M.J. 256 (C.M.A.1976); *United States v. Boxdale,* 22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973).

Once again, we voice our disapproval of *en masse* arraignments and urge their discontinuance. We seriously question whether any time and effort is saved by such procedures, and, even if time and effort is saved, the threat to the right of the accused, as well as the Government, to a fair trial outweighs any possible benefit gained by failing to give individual attention to each case. We consider it fortunate that the *en masse* arraignment used in this case did not result in any harm to this appellant.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.