## UNITED STATES
### v.
Thomas C. MALICH, Jr., 530 62 1515, Ship's Serviceman Seaman Apprentice (E-2), U.S. Navy.

NMCM 83 4121.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 28 April 1983.

Decided 13 Dec. 1983.

CDR David C. Larson, JAGC, USN, Appellate Defense Counsel.

LCDR Jeanne Carroll, JAGC, USN, Appellate Defense Counsel.

LT William C. Little, Jr., JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge and BYRNE and GARVIN, Judges.

GARVIN, Judge:

Appellant was tried by special court-martial, military judge alone, and found guilty of two alleged periods of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886. The sentence imposed was confinement at hard labor for ninety (90) days, forfeiture of $350.00 pay per month for three months, reduction to pay grade E–1, and a bad-conduct discharge.

## A. Background

Originally, appellant was arraigned on one charge of unauthorized absence from 23 December 1981 until 14 March 1983. The defense requested a continuance. No plea was entered nor was any evidence presented.

When the proceedings reconvened on 28 April 1983, two days later, an additional charge had been referred to the same court. The additional charge alleged an unauthorized absence from 9 January 1982 until 14 March 1983. Consequently, the accused faced two specifications alleging different inception dates (23 December 1981 and 9 January 1982), but only one termination date (14 March 1983).

Between 26 and 28 April, appellant had negotiated a pretrial agreement with the convening authority. Pursuant to that agreement, he entered his pleas as follows:

To the Specification under the Charge: GUILTY, except for the date "14 March 1983", substituting therefor the date "8 January 1982".

To the excepted date: NOT GUILTY;

To the substituted date: GUILTY;

To the Charge: GUILTY;

To the Additional Charge and Specification thereunder: GUILTY.

## B. Care Inquiry

During the inquiry mandated by *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969), appellant explained that he initially went on unauthorized absence on 23 December 1981. On 8 January 1982, he surrendered at Nellis Air Force Base, Las Vegas, Nevada. There he was issued orders to report back to his ship at San Diego, California that night. He failed to carry out those orders and again became an unauthorized absentee at 0001, 9 January 1982.

The military judge conducted a thorough inquiry into the terms and conditions of the pretrial agreement and determined that the bargained for agreement was in accordance with appellate case law, that it was not against public policy and that it was not contrary to his own concepts of fundamental fairness.

Thereafter, the following findings were entered:

MJ: Ship's Serviceman Seaman Apprentice Thomas C. Malich, United—Jr., United States, in accordance with your pleas, this court finds you:

Of the Specification under the Charge: GUILTY, except for the word and figures "14 March 1983", substituting therefor the word and figures "8 January 1982".

Of the substituted word and figures: GUILTY;

Of the Charge: GUILTY; and

*Again, no findings will be entered with regard to the excepted language;*

Of the Additional Charge and the Specification thereunder: GUILTY.

(Emphasis supplied.)

Consequently, appellant was found guilty of one unauthorized absence which commenced on 23 December 1981 and terminated on 8 January 1982 and another unauthorized absence which commenced on 9 January 1982 and terminated on 14 March 1983.

Appellant received the benefit which he bargained for, *i.e.*, a limitation on the unsuspended confinement at hard labor. This was given in return for provident pleas of guilty to those two periods of unauthorized absence agreed upon.

I

Appellant has attacked the findings and sentence on appeal. He relies heavily on *United States v. Francis*, 15 M.J. 424 (C.M. A.1983), and argues that:

THE MILITARY JUDGE ERRED AS A MATTER OF LAW BY ENTERING INCONSISTENT FINDINGS TO THE SAME PERIOD OF UNAUTHORIZED ABSENCE ALLEGED IN BOTH AN ORIGINAL AND ADDITIONAL CHARGE.

A. Discussion

*Francis, supra,* is factually different from the situation presented for review in this case. In that case the accused had originally been tried by special court-martial for an alleged unauthorized absence from March 5, 1979 until July 16, 1980. At his first trial, he entered a plea of guilty to a shorter period of unauthorized absence which was included within the period originally alleged. Pursuant to his plea, he was found guilty of an unauthorized absence from March 5 until April 3, 1979. No findings were entered for the period April 3, 1979 until July 16, 1980. At his second special court-martial, Francis was tried for an unauthorized absence from April 9, 1979 until July 16, 1980. Although he was found guilty and sentenced accordingly, the findings and sentence were set aside on appeal. The Court of Military Appeals (COMA)

found that the first trial could not be concluded without reaching findings on all allegations on which the accused was tried. They determined he was tried for all unauthorized absences included within the period initially alleged. In that factual setting, COMA held that the legal effect of entering the findings and concluding or terminating the first trial was to create jeopardy for the entire period of unauthorized absence as originally alleged. The Court reasoned that the accused could have been found guilty of the greater period of unauthorized absence, by exceptions and substitutions, even though the military judge found him guilty of only the lesser period of absence in accordance with his plea. The opinion noted that the government had an opportunity to prove the longer period of unauthorized absence at the first trial. Therefore, the Court held that the accused was protected by former jeopardy from prosecution at another trial for the separate period of absence which was contained within the original charge.

Appellant now argues before us that as soon as the trial judge announced that he found appellant guilty of the shorter period of unauthorized absence, in accordance with his plea, the legal effect was a finding of not guilty to the entire period alleged in the original charge. This argument ignores the difference between the *Francis* case and the facts presented here. In this case, there was only one trial. Obviously, appellant cannot claim former jeopardy, simply because this is not a subsequent trial for any unauthorized absence which occurred during the period of absence for which he was originally charged. This single trial involves the whole period of absence originally charged. Further, it was the appellant who offered the pleas in exchange for the proposed sentence limitation. The two unauthorized absence specifications, with the same termination date, simply reflected the contingencies of proof.

This is a special court-martial which authorizes imposition of punishment up to the jurisdictional limits of the court if an accused is convicted of any unauthorized ab-

**710**

sence for a period greater than thirty days. Therefore, no unfairness results to an accused when the greater absence is broken down into two or more lesser absences, at the same trial, and at least one of those lesser periods exceeds thirty days.

We have applied this rationale in this case and we find no facts which would prevent appellant from bargaining with the convening authority to enter pleas to two or more unauthorized absences as lesser periods of the greater absence initially charged. This is certainly permissible where any included period was referred to trial as an additional charge pursuant to appellant's bargained for plea. The negotiated pretrial agreement does not involve a violation of the statute of limitations, there is no issue concerning escalation of punishment, and former jeopardy does not come into play since no evidence had been presented at the trial before the bargain was struck. *United States v. Daly*, 15 M.J. 739 (N.M.C.M.R. 1983), *pet. denied* 16 M.J. 154, 1983.

When the military judge announced his findings of guilt to the original charge, by exceptions and substitutions, this did not automatically result in any finding concerning the remaining period of absence. A resolution of the appellant's status did not occur until the findings were announced to cover the remaining period of absence, or until the trial was terminated. *Cf. United States v. Francis, supra.*

### B. Holding

We hold that there was no error committed when the government, with the consent of the accused, referred an additional charge and specification to trial to accommodate the contingencies of proof for absences contained within the original specification which alleged one lengthy period of unauthorized absence. Neither did the trial judge err by not entering a finding as to the time frame excepted from the original specification until he made his finding on the additional charge and specification which conformed to the pretrial agreement.

### II

THE ACCUSED WAS NEVER ARRAIGNED ON THE ADDITIONAL CHARGE IN THAT THE CHARGE WAS NEITHER READ NOR WAS THE READING WAIVED. [Citations omitted].

The second assignment of error has no merit. *United States v. Wolff*, 5 M.J. 923 (N.C.M.R.1978). *United States v. Cozad*, 6 M.J. 958 (N.C.M.R.1979) is distinguished because in that case the record did not affirmatively demonstrate that the accused was aware of the charges.

Accordingly, the findings of guilty and sentence, which includes a requested bad-conduct discharge, as approved on review below, are affirmed.

Senior Judge GLADIS and Judge BYRNE concur.