UNITED STATES, Appellant

v

JOHN LEE SHAFER, Boatswain's Mate Seaman,
U. S. Navy, Appellee ·

17 USCMA 456, 38 CMR 254

No. 20,739

March 29, 1968

*Lieutenant H. L. Moore,* USNR, argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel C. R. Larouche,* USMC, *Captain R. S. Gasiorowski,* USMCR, and *Lieutenant Steven A. Weidner,* USNR.

*Captain W. H. Hogan, Jr.,* USNR, argued the cause for Appellee, Accused.

## Opinion of the Court

KILDAY, Judge:

Appellee was arraigned before a general court-martial convened at the U. S. Naval Station, San Diego, California, charged with absence without leave, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886. He pleaded guilty and was found guilty. He was sentenced to confinement at hard labor for one year and total forfeitures. The convening authority, in approving this sentence, provided that confinement and forfeitures in excess of three months would be suspended for the period of confinement and six months thereafter, when, unless sooner vacated, the suspended portion would be remitted. A divided board of review in the office of the Judge Advocate General of the Navy thereafter set aside the findings and sentence and authorized a rehearing.

The Judge Advocate General of the Navy has now certified to this Court questions on whether preliminary remarks of the law officer at trial relating to duties of court members materially prejudiced the rights of accused as to both findings and sentence.

The law officer, at commencement of trial, noted that when the court members were in closed session they would not have access to any legal documents or writings whatsoever. At the same time, he cautioned them to only con-

456

sider evidence duly admitted during the course of the trial. The law officer then remarked:

"This court has been previously instructed on their duties during trials. Does any member desire any further instructions or reinstructions on that?

"Let the record reflect there was no response from any member of the court."

This instructional reference, declared the board of review majority, constituted reversible error for " 'A record which does not contain all of the instructions is clearly deficient in a vital part.' United States v Lowry, 4 USCMA 448, 16 CMR 22, United States v Whitman, 3 USCMA 179, 11 CMR 179, United States v Forwerck, 12 USCMA 540, 31 CMR 126, United States v Davis, NCM 67 2795, decided 26 October 1967. See also United States v Chaput, 2 USCMA 127, 7 CMR 3."

Appellate counsel for Shafer agrees with this conclusion arguing that a simple instructional reference leaves to pure speculation the identity of the previous instruction, the author, its contents, when originally given, and whether it was properly understood by the court.

Appellate Government counsel present the opposing view contending that the plea of guilty, and the presence of lawyer-counsel, coupled with a lack of objection, make this an appropriate case to apply the doctrine of waiver. In any case, the plea, together with accused's testimony in extenuation and mitigation—a complete admission of guilt—is said to foreclose the possibility of prejudice in either the findings or sentence.

In United States v Whitman, 3 USCMA 179, 11 CMR 179, this Court treated as error the failure to record, verbatim, special court-martial proceedings. Punishment-wise, the error was prejudicial only in the imposition of a punitive discharge. Cf. Manual for Courts-Martial, United States, 1951, paragraph 83a.

In United States v Lowry, 4 USCMA 448, 16 CMR 22, this Court extended the above concept to cover instructional deficiencies. There the law officer referred to decided cases as a part of jury instructions. Uncertain of the exact citations conveyed, a presumption of prejudice worked in Lowry's favor.

In United States v Forwerck, 12 USCMA 540, 31 CMR 126, the law officer incorporated by reference the instructions he had given the court in an earlier tried case. Covered were the effects of a guilty plea upon findings with an additional reminder to consider all matters raised in extenuation and mitigation, including the plea. While holding that instructional error was waived at trial, we also made a substantive assessment. In light of the guilty plea entered, we thus concluded:

". . . As to the findings, United States v Cruz, 10 USCMA 458, 23 CMR 24, stands squarely opposed to the accused's present contention. In that case we held that since a plea of guilty is the equivalent of a conviction, it is not prejudicial error to omit instructions on the elements of the offense and other principles of law required by Article 51 of the Uniform Code. 10 USC § 851. The plea of guilty also precludes the possibility of prejudice if erroneous instructions are given. United States v Jones, 1 USCMA 276, 3 CMR 10. It follows, therefore, that in view of the plea of guilty here, the findings of guilty could not be affected by the content of the instructions in the Wiggington case, or by the possibility that one or more of the court members did not recall those instructions or remembered them incorrectly. Cf. United States v Caldwell, 11 USCMA 257, 29 CMR 73." [12 USCMA, at page 544.]

Shafer's plea of guilty exacts the identical response.

In the matter of sentencing, the *Forwerck* record contained evidence sufficient to overcome the existing presumption of prejudice. Specifically, we said, at page 545:

". . . it is clearly inferable that the general instructions concern voting procedures and the number of votes required to adjudge a sentence. The second Wiggington instruction, the court was asked to recall, was that it should 'consider all matters in extenuation and mitigation.' It is arguable that this instruction is actually a complete repetition of the one given in Wiggington, or at least a very substantial paraphrase of it. Whether it is one or the other is unimportant. The language of the Wiggington instructions may not be exactly known, but the subject-matter is reasonably well-defined. See United States v Erb [12 USCMA 524, 31 CMR 110].

"There is no room to conclude that the 'general instructions' on voting were wrong, because they were expressly modified to conform to the specific composition of the court-martial which tried this accused. There is, therefore, no fair risk that the court-martial was misled by conflicting advice. United States v Noe, 7 USCMA 408, 22 CMR 198. As to the mitigation instruction, whatever its phraseology, it could be nothing but beneficial to the accused. The record itself, therefore, clearly and convincingly overcomes the presumption of prejudice arising from the improper reference to the instructions in the Wiggington case. Accordingly, we affirm the decision of the board of review."

Again, the same rationale is applicable. In the normal case, primary advice relating to the court's general responsibilities is given by the law officer. Also covered are various guidelines concerning such matters as challenges and the questioning of witnesses. Unquestionably, that is what was intended here. Nothing else was appropriate because the reference in this transcript precedes the swearing of the court, the law officer, and both prosecution and defense counsel. Indeed, not until then was the court convened. It was, however, error to do so by reference.

It is obvious that the instructional defect invalidated neither the findings nor sentence. To the contrary, the record here is flawless for instructions in both areas are truly reflected. Accordingly, in this record, too, "The language of the . . . instructions may not be exactly known, but the subject-matter is reasonably well-defined." United States v Forwerck, supra, at page 545.

Thus, as in *Forwerck*, the record itself more than overcomes the presumption of prejudice. United States v Forwerck, supra; cf. United States v Nelson, 3 USCMA 482, 13 CMR 38; United States v Giordano, 15 USCMA 163, 35 CMR 135. Judge Ferguson adheres to the views he expressed in United States v Forwerck, supra.

The decision of the board of review is reversed and the findings are affirmed. The record of trial is returned to the Judge Advocate General of the Navy for resubmission to a board of review for assessment of the sentence.

Chief Judge QUINN and Judge FERGUSON concur.