UNITED STATES, Appellee

v

ALFRED A. HAWES, Private,
U. S. Marine Corps, Appellant

19 USCMA 173, 41 CMR 173

No. 22,408

December 24, 1969

*Captain Frank A. Nelson,* JAGC, USN, was on the pleadings for Appellant, Accused.

*Commander Richard L. Fruchterman, Jr.,* JAGC, USN, was on the pleadings for Appellee, United States.

### Opinion of the Court

DARDEN, Judge:

After his plea of guilty, the accused was convicted by a general court-martial at Camp Pendleton, California, of desertion during the period September 27 to September 30, 1968; twice escaping from lawful confinement; larceny of a Government-owned .45 caliber pistol; assaulting a guard in the execution of his duty; and assault and battery, in violation of Articles 85, 95, 121, 134, and 128, Uniform Code of Military Justice, 10 USC §§ 885, 895, 921, 934, and 928, respectively. His sentence included a dishonorable discharge, confinement at hard labor for two years, and total forfeitures. The only change made during appellate review is the convening authority's approval of a bad-

conduct discharge rather than a dishonorable discharge. This Court granted review to consider the providency of the accused's plea of guilty. We are now satisfied that it is without defect.

In response to questions asked by the law officer during an out-of-court hearing, Hawes replied that he understood the nature and effect of a guilty plea; that he was entitled to enter a not guilty plea, placing the burden of proof upon the Government; that counsel had advised him of the maximum permissible punishment; that he had ample opportunity to consult and discuss his problems with counsel, with whom he was satisfied; that he was pleading voluntarily believing it to be in his best interests; that he was persisting in his plea; and that he had entered into a pretrial agreement.

During later post-finding proceedings Hawes informed the court through counsel that he desired to explain the "circumstances" attending the events of September 20 and 27, 1968. He then admitted that he and two other prisoners escaped as planned from their guard while working at the outdoor theater on September 20, 1968. The guard was hit by Hawes's companions. On the 27th he willingly went along with a planned escape—this time from the "men's head, Headquarters Regiment Legal." Again it was his companions who assaulted their guard, taking his .45 caliber pistol. The accused went "along with that offense." This absence was terminated by his apprehension.

Considering the whole record, we are satisfied that Hawes understood the nature of all of the ▪ offenses to which he pleaded guilty. His plea therefore is provident. United States v Care, 18 USCMA 535, 40 CMR 247 · United States v Tamplin, 18 USCMA 576, 40 CMR 288; and United States v Scaglione, 18 USCMA 577, 40 CMR 289.

The appointing orders in this case do not reflect trial defense counsel's qualifications within the ▪ meaning of Article 27(b), Uniform Code of Military Justice, 10 USC § 827. The Article 32 investigating officer's report, however, certifies those qualifications. In addition, we judicially note from other cases filed in this Court that the trial defense counsel in this case is certified in accordance with Article 27(b), Code, supra.[1] United States v Lovett, 7 USCMA 704, 708, 23 CMR 168. Accordingly, the decision of the board of review is affirmed.

Chief Judge QUINN concurs.

Judge FERGUSON concurs in the result.

---

[1] United States v Harvey, Docket No. 22,383, and United States v Daniels, Docket No. 22,252.