**UNITED STATES, Appellee,**

v.

**Jose ESPIET–BETANCOURT, Specialist Five, U. S. Army, Appellant.**

**No. 30,363.**

U. S. Court of Military Appeals.

Aug. 22, 1975.

---

3. *United States v. Heflin*, 23 U.S.C.M.A. 505, 50 C.M.R. 644, 1 M.J. 131 (1975).

**92**

Lieutenant Colonel James Kucera, Captain Michael P. LaHaye, and Captain Sammy S. Knight were on the pleadings for Appellant, Accused.

Captain Raymond Michael Ripple and Captain Richard T. St. Clair were on the pleadings for Appellee, United States.

## OPINION OF THE COURT

### PER CURIAM:

The appellant stands convicted of numerous specifications of violating a general regulation contrary to Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. This case was convened and subsequently reviewed by the Commanding General, Eighth United States Army Area Command (Provisional). We granted review to determine if the commanding general was disqualified from reviewing and acting upon the case under our decisions in *United States v. Chavez-Rey*, 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J. 34 (1975); *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48

C.M.R. 534 (1974); and *United States v. Dickerson*, 22 U.S.C.M.A. 489, 47 C.M.R. 790 (1973).

The record of trial reveals that several prosecution witnesses were promised and received substantial clemency from the convening authority's subordinate. This was noted by the staff judge advocate in his post-trial review to the commanding general. Such knowledge by a convening authority renders him disqualified from reviewing a case due to the possible influence of his subordinate's judgment. *United States v. Chavez-Rey, supra; United States v. Sierra-Albino, supra; United States v. Dickerson, supra.*

The decision of the United States Army Court of Military Review is reversed and the action of the Commanding General, Eighth United States Army Area Command (Provisional), is set aside. The record of trial is returned to the Judge Advocate General of the Army for assignment to a different convening authority and staff judge advocate for a new review and action.[1]

---

1. Our resolution of the granted issue moots any question as to the staff judge advocate's disqualification.