**UNITED STATES**

v.

**Joshua R. FLETCHER, 137–48–9854, Aviation Boatswain's Mate (H) Airman Apprentice (E–2), U. S. Navy.**

**NCM 75 2721.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 March 1975.

Decided 22 April 1976.

LT H. Glenn Scammel, JAGC, USNR, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

GLASGOW, Judge:

The appellant stands convicted of two periods of absence without leave each for less than one day (Charge I); possession of

marijuana (Charge II); and aggravated assault (Additional Charge I), in violation of Articles 86, 92 and 128, UCMJ, 10 U.S.C. §§ 886, 892, 928, respectively. He was sentenced by special court-martial, with members, to a bad conduct discharge, confinement at hard labor for three months, forfeiture of $170.00 per month for three months and reduction to pay grade E–1. The sentence has been approved on review below, but 17 days of the confinement has been suspended on probation.

The appellant contends that trial judge erred in denying defense motion to suppress evidence of marijuana found in his possession, by means of an unlawful search. We are also concerned with the prosecution of Additional Charge I after trial judge made a finding of guilty to a lesser included offense based on appellant's plea of guilty thereto; the suspension of execution of a portion of the confinement after all of the confinement had been "served;" and the qualification of the convening authority to review the case after he appeared at trial as a witness for the prosecution.

## THE SEARCH

■ After arraignment and prior to entering a plea the defense made a motion which trial judge termed as "a motion to determine the admissibility of evidence which it is believed the government will introduce as to Charge II." The defense counsel contended that the commanding officer participated in the search in such a way as to make him partial and therefore disqualified to authorize the search, citing *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). He also urged that the commanding officer did not have probable cause at the time he authorized the search, improperly based his authorization upon the happening of a future event and delegated the decision to determine if the search was to be made to parties unknown, citing *United States v. Staggs*, 23 U.S.C.M.A. 111, 48 C.M.R. 672 (1974).

The commanding officer of the Naval Air Station, the convening authority, appeared as a witness for the prosecution on the motion. He stated that an unidentified

sailor appeared before him at request mast on 18 December 1974, and his request was denied. The sailor then offered the commanding officer information on drug violations on the station hoping to get a favorable decision on his special request. Having no luck, the sailor then told the commanding officer that the appellant was making a purchase of marijuana within 45 minutes and would return to his room in the barracks. The commanding officer then called a Naval Investigative Service agent, the staff judge advocate, and the command duty officer to his office. A plan for a search of appellant and his room was devised by his advisers and approved by the commanding officer. The commanding officer authorized the search, provided a signal was given before the search was conducted that the expected sale had been made to the appellant. The commanding officer stated that he found the appellant's name on his confidential list of drug suspects and that much of the information given to him by the sailor informer was known to him to be accurate. He stated that he did not participate in the plans for the search except to approve the plan and that he went from his office to the bowling alley and had nothing to do with the actual search.

In *United States v. Staggs, supra*, the Court of Military Appeals held the authorization to search invalid not because authority to authorize searches had been delegated to the station judge advocate, but because the judge advocate in that case did not have the requisite impartiality. Likewise in *Coolidge v. New Hampshire, supra*, the authority to search was held to be invalid because the person authorizing the search was partial and therefore disqualified to so authorize. In the case *sub judice* we find that the commanding officer did remain impartial and was qualified to authorize the search. We find that he did have probable cause to grant the "conditional" authority to search the appellant. However the government failed to prove the condition precedent to the search. There was no evidence offered to show that the sale to the appellant was made or that the signal as a sign of the sale was given.

The government therefore failed to prove that the search was properly authorized. The findings of guilty of Charge II and its specification are set aside and that charge is dismissed.

## ADDITIONAL CHARGE I

■ Under Additional Charge I the appellant was alleged to have assaulted Ensign P by striking him with his fist. Upon arraignment the appellant entered a plea of guilty to simple assault admitting all the elements of the offense charged except knowledge prior to the assault that the victim was a commissioned officer. After proper inquiry into the providence of the guilty plea the trial judge accepted the plea of guilty and "found the appellant guilty of an assault consummated by a battery." (R. 36). Afterwards, the trial judge permitted trial counsel to present evidence to the court members to prove the specification under Additional Charge I, as alleged.

In *United States v. Wilson*, No. 75 0448 (NCMR 10 March 1976) we stated:

"While it was perfectly proper for the trial judge to accept the pleas of the appellant to the lesser included offense of unauthorized absence under the Charge alleging desertion, and while it was prudent to conduct the detailed *CARE* inquiry into the providency of that plea, he should not have announced any finding under the absence charge until such time as the government had introduced its evidence on the desertion charge or had chosen not to do so. By making and announcing his finding of guilty as to the lesser included offense of unauthorized absence, he was estopped from any further finding of guilty as to the greater offense. We will approve the only lesser finding."

We think our ruling in *Wilson* applies in the case *sub judice*. The findings of guilty to be approved as to Additional Charge I shall not exceed that found by trial judge.

## CONFINEMENT

■ The sentence including three months confinement was adjudged on 21 March 1975. On 11 June 1975, the convening authority approved the sentence stating that the appellant had been released from confinement on 21 May 1975, leaving 17 days of his confinement unexecuted, which 17 days of confinement the convening authority suspended on probation. Inasmuch as the confinement was not deferred, the appellant must be credited with having "served" confinement until the convening authority acted on the case. Article 57(b), UCMJ; MCM, 1969 (Rev.), para. 88d(2) and 126j. The sentence to be approved shall not include confinement in excess of confinement already served.

## CONVENING AUTHORITY

■ In appearing as a witness for the prosecution as to the legality of the search, the convening authority thereby became disqualified to review this case. *United States v. McClenny*, 5 U.S.C.M.A. 507, 18 C.M.R. 131 (1955) and new reviews are required. *United States v. Hicks*, 18 U.S.C. M.A. 38, 39 C.M.R. 38 (1968). *See United States v. Espiet-Betancourt*, 23 U.S.C.M.A. 533, 50 C.M.R. 672, 1 M.J. 91 (1975); *United States v. Sierra-Albino*, 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974).

The actions of the convening and supervisory authorities are set aside. The case is returned to the Judge Advocate General for submission to a different convening authority for reviews pursuant to Articles 60 and 65(c), UCMJ. The findings of guilty to be approved shall not exceed findings of guilty to Charge I and its two specifications and findings of guilty to Additional Charge I and only so much of its specification as finds the appellant guilty of an assault consummated by a battery. The approved sentence shall be appropriate, and included within that approved on prior reviews but shall not include a punitive discharge or confinement in excess of that already served.

Chief Judge CEDARBURG and Judge MURRAY concur.