**UNITED STATES, Appellee,**

v.

**Specialist Four Marco H. SANCHEZ, SSN 551–80–7655 United States Army, Appellant.**

**CM 434372.**

U. S. Army Court of Military Review.

24 May 1977.

Colonel Alton H. Harvey, JAGC, Major Joe D. Miller, JAGC, Captain John C. Carr, JAGC, and Captain Johnny D. Mixon, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, Captain John F. DePue, JAGC, and Captain John E. Caulking, JAGC, were on the pleadings for appellee.

Before COOK, DRIBBEN and DeFORD, JJ.

### OPINION OF THE COURT

COOK, Senior Judge:

Appellant was convicted, contrary to his plea, of a wrongful attempt to sell, and of a wrongful possession of heroin, alleged as violations of Articles 80 and 134, Uniform Code of Military Justice (10 U.S.C. §§ 880 and 934), respectively.

The principle prosecution witness was a soldier named Williams who was a member of appellant's company. Williams testified in the case *sub judice* that his lawyers had told him if he didn't testify at appellant's trial the convening authority would not accept his offer to enter into a guilty plea

agreement limiting confinement in his (Williams) case to two and one-half years, but rather would insist on an agreement involving a five-year ceiling. Further, he asserted that he was only testifying to insure that he received the benefits of his agreement, *i. e.,* the one limited to two and one-half years. The staff judge advocate noted Williams' testimony to this effect in his post-trial review, but offered nothing by way of explanation or rebuttal. We note from perusing Appellate Exhibit I in the record of trial of *United States v. Williams,* C.M. 433922, that the same convening authority who acted in appellant's case did in fact accept an offer to plead guilty from Williams which includes in the quantum portion a limitation of two and one-half years as to the confinement aspect of the sentence. That agreement does not, however, contain a condition which requires Williams to testify.*

 Notwithstanding the fact that the convening authority in appellant's case apparently had not himself granted clemency to Williams in exchange for his testimony at appellant's trial (if he had he would clearly have been disqualified from acting on appellant's record. *United States v. White,* 10 U.S.C.M.A. 63, 27 C.M.R. 137 (1958)), the unrebutted evidence of record is that Williams had been informed by some party to the negotiations that his pretrial offer would not be acceptable to the Government unless he promised to testify at appellant's trial, and further that this agreement was the sole impetus for such testimony. And, although fully alerted by Williams' testimony at trial to this potential disqualification, the Government presented nothing at trial, nor thereafter, to dispute the truth of Williams' assertions.

Consequently, this Court is left with no alternative but to apply the holdings in *United States v. Espiet-Betancourt,* 23 U.S. C.M.A. 533, 50 C.M.R. 672, 1 M.J. 91 (1975); *United States v. Chavez-Rey,* 23 U.S.C.M.A. 412, 50 C.M.R. 294, 1 M.J.

34 (1975); *United States v. Sierra-Albino,* 23 U.S.C.M.A. 63, 48 C.M.R. 534 (1974); and *United States v. Dickerson,* 23 U.S.C.M.A. 489, 47 C.M.R. 790 (1973), and return this case for a new review and action.

We also note that under the rationale of *United States v. Harden,* 24 U.S.C. M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976), the maximum permissible confinement is limited, in this case, to ten years.

The action of the convening authority dated 13 January 1976 is hereby set aside. The record of trial is returned to The Judge Advocate General for a new review and action by a different staff judge advocate and convening authority.

Judge DRIBBEN and Judge DeFORD concur.

---

**UNITED STATES, Appellee,**

---

* *United States v. Hawes,* 19 U.S.C.M.A. 173, 41 C.M.R. 173 (1969); *United States v. Lovett,* 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957).