**UNITED STATES, Appellee**

v.

**Dennis L. WAGGONER, Private First Class, U. S. Army, Appellant.**

No. 35,746.
CM 435974.

U. S. Court of Military Appeals.

Nov. 27, 1978.

78

For Appellant—*Captain Larry C. Schafer* (argued); *Colonel Edward S. Adamkewicz, Jr.* (on brief); *Colonel Robert B. Clarke; Major Benjamin A. Sims; Captain Willard E. Nyman III* (on brief).

For Appellee—*Captain Stephen D. Smith* (argued); *Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief); *Captain Lee D. Schinasi.*

Opinion of the Court

FLETCHER, Chief Judge:

Contrary to his pleas the appellant was found guilty of robbery, in violation of Article 122, Uniform Code of Military Justice, 10 U.S.C. § 922. At his general court-martial with members, he was sentenced to a bad-conduct discharge, confinement at hard labor and forfeiture of $150 pay per month for six months, and reduction to E–1. The convening authority approved the sentence. The United States Army Court of Military Review affirmed the findings and sentence without opinion.

Review by this Court was granted on the following issue:

WHETHER THE MILITARY JUDGE'S INSTRUCTION TO THE COURT MEMBERS TO CONSIDER PRELIMINARY INSTRUCTIONS GIVEN IN PREVIOUS CASES WAS PREJUDICIAL ERROR.

At the court-martial and after the members were sworn, the military judge stated:

[T]he court is assembled. Since this court-martial panel has previously sat as a general court-martial it will not be necessary for me to repeat the preliminary instructions that I have given you previously. Suffice it to remind you that the accused, Private First Class Waggoner is presumed to be innocent of the charge against him and neither the fact that the charge has been preferred nor the fact that it's been referred to this court for trial warrants any inference that he is guilty.

The Government at the outset contests the construction of the words of the military judge as incorporation by reference of preliminary instructions given in other cases in which this court-martial panel sat. It insists that this statement merely reflects a determination by the military judge that these particular members need no preliminary instructions. *See* Appendix 8, Manual for Courts-Martial, United States, 1969 (Revised edition), pp. 10–11. Though recognizing the existence of such discretion in the military judge, we do not find this language representative of such a determination. Here the military judge made specific reference to preliminary instructions he had purportedly given these members at a different court-martial. It is clear that he intended these previously given preliminarily instructions, whatever be their content, to supplement the attenuated instructions he would give in the present court-martial. In such a situation, there is no guarantee that the court members will actually make the necessary reference, and reviewing authorities are handicapped in ascertaining the legal standards applied by the court during an accused's trial. *See United States v. Forwerck*, 12 U.S.C.M.A. 540, 543, 31 C.M.R. 126, 129 (1961). This is error.[1]

In addition, once a military judge has decided to give some preliminary in-

---

1. *United States v. Robles*, 17 U.S.C.M.A. 459, 38 C.M.R. 257 (1968); *United States v. Shafer*, 17 U.S.C.M.A. 456, 38 C.M.R. 254 (1968); *Unit-* ed States v. Forwerck*, 12 U.S.C.M.A. 540, 31 C.M.R. 126 (1961). *See also Wright v. United States*, 301 F.2d 412 (10th Cir. 1962).

structions[2] to members of a court-martial, it is uncontroverted that his instructions must be proper and complete.[3] The integrity of the preliminary instructions cannot be assured, however, by reference to preliminary instructions given in other cases which are not part of the immediate record of trial.[4] Here, the military judge gave express instructions on the presumption of innocence and the absence of any inference of guilt from the preferral or referral of charges. However, he chose not to expressly remind[5] the members of the equally fundamental principle[6] that the burden at a court-martial is upon the Government to prove the accused's guilt beyond a reasonable doubt. We believe the latter preliminary instruction necessary under these circumstances to ensure the complete and unequivocal understanding by the court members of the principles of a fair trial in operation in the military justice system.[7] The instructions in their present form are incomplete and therefore erroneous.

■ A second issue to be confronted in this case is whether the trial defense counsel's failure to object may be considered waiver of these instructional errors by the military judge. Consistent with our perception of the role of the military judge, it is his responsibility to decide to preliminarily instruct the jurors and to do so properly.[8] Defense failure to object at trial does not waive a denial of fair trial or a violation of due process of law. *United States v. Groce*, 3 M.J. 369, 371 (C.M.A.1977).

■ Finally, there is the question of prejudice. Article 59, UCMJ, 10 U.S.C. § 859. As indicated earlier in this opinion, two errors were committed by the military judge in his preliminary instructions to the members of this court-martial. As to the latter error (omission of the instruction on reasonable doubt), we feel that the decision in *United States v. Erb*, 12 U.S.C.M.A. 524, 31 C.M.R. 110 (1961), is controlling on the existence of prejudice. In this situation, it is clear what instruction was omitted at the beginning of trial and that the instruction was later given in the final instructions as to findings. There is no fair risk that the court-martial was misled as to the burden of proof.

■ However, regarding the question of prejudice as to the former error (incorporation by reference of preliminary instructions in other cases), a different result is warranted. It is well established that a presumption of prejudice arises from a showing that the military judge preliminary instructed the members of a court-martial in an unsanctioned closed conference or private discussion.[9] Although the presumption is rebuttable, the burden is on the

---

**2.** Admittedly, there is no statutory provision comparable to Article 51, Uniform Code of Military Justice, 10 U.S.C. § 851, for findings, or Manual provision comparable to paragraph 73, Manual for Courts-Martial, United States, 1969 (Revised edition), for sentencing, which would require the military judge to give preliminary instructions in all cases. However, we believe it is the much preferred practice. *See* paragraph 2–1, Department of the Army Pamphlet 27–9, Military Judges' Guide (19 May 1969) p. 2–1. Such a practice would be especially conducive to ensuring that each military accused receives a fair trial and would eliminate any potential misconception that one's particular fate was not determined in an evenhanded manner in the presence of the accused and his counsel. *See* Article 39, UCMJ 10 U.S.C. § 839; *see also United States v. Conley*, 4 M.J. 327 (C.M.A.1978).

**3.** *See United States v. Verdi*, 5 M.J. 330, 333 (C.M.A.1978).

**4.** *See* n.1.

**5.** The actual content of the incorporated preliminary instructions given at the previous court-martial may only be surmised, but, in any event, their announcement in this manner does not amount to a specific, on the record delineation of the principles involved.

**6.** *See Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978); *See also* Article 51, UCMJ.

**7.** *Id.*

**8.** *See United States v. Thompson,* 3 M.J. 168, 171 (C.M.A.1977); *United States v. Graves,* 1 M.J. 50 (C.M.A.1975).

**9.** *United States v. Forwerck, supra* at 544, 31 C.M.R. at 130; *United States v. Shafer, supra* at 458, 38 C.M.R. at 256.

Government to "show [by clear and convincing evidence] that nothing said or done in the prohibited exchange was detrimental to the accused."[10] A plea of guilty has been held to preclude any possibility of prejudice: namely, there was no possibility that the findings of guilty were affected by the incorporated instructions or that one or more members did not recall the referenced instructions or remember them correctly.[11] No such obvious preclusion of prejudice can be said to exist where, as in the present case, there was a plea of not guilty. We do not feel that the general nature [12] of the subject matter of the preliminary instructions alone clearly and convincingly demonstrates the absence of prejudice in this case. Moreover, the inability to ascertain the preliminary instructions in the previous court-martial prevents us from concluding that the final instructions on findings eliminated any prejudice. Finally, the absence of ob-

jection by defense counsel does not constitute any substantial evidence of lack of prejudice because there is no showing that he could evaluate the correctness of the instructions and concomitantly that he had an adequate opportunity to object. In our mind the evidence of record is insufficient to demonstrate clearly and convincingly that the appellant was not harmed by the military judge's preliminary instructions given in other courts-martial.

The decision of the United States Army Court of Military Review is reversed; the findings and sentence are set aside. The record of trial is returned to the Judge Advocate General of the Army. A rehearing may be ordered.

Judge PERRY concurs.

Judge COOK concurs in the result.

10. *United States v. Forwerck, supra* at 544, 31 C.M.R. at 130.

11. *Id.*

12. Regardless of the fact that preliminary instructions are general in nature to the extent

they are applicable to all courts-martial, they are important, numerous, detailed, and subject to adaption according to the particular case before the court-martial. *See* paragraph 2–1, D.A.Pamphlet 27–9, *supra.*