UNITED STATES, Appellee,

v.

Private (E–1) Antonio BLACKOWL, SSN
527–08–8316, United States
Army, Appellant.

CM 437450.

U. S. Army Court of Military Review.

18 Dec. 1978.

Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Major Carlos A. Vallecillo, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Daniel A. Dolan, JAGC, were on the pleadings for appellee.

Before JONES, DeFORD and LEWIS, Appellate Military Judges.

## OPINION OF THE COURT

LEWIS, Judge:

Contrary to his pleas, the appellant was convicted of wrongful appropriation of an M–16 rifle and aggravated assault.[1] His approved sentence extended to a dishonorable discharge, confinement at hard labor for two years, forfeiture of all pay and allowances, and reduction to the grade of Private (E–1).

He assigns as error the military judge's implicit reference to preliminary instructions given outside the present trial. The record discloses the following remarks to the court after it was assembled: "Gentlemen, I'm not going to give you extensive preliminary instructions, because I note that you've all sat before recently. I'm just going to remind you about a few matters

---

1. In violation of Articles 121 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 921 and 928.

concerning your presence here today." Notwithstanding his statement that he was not going to give "extensive preliminary instructions," he went on to outline the procedures for challenges, for court members questioning witnesses, and for their sequestering during deliberations. He closed with succinct comments on the prohibition of members discussing the case or consulting references in connection with the case during recesses of the trial.

■■ While there is no requirement for any preliminary instruction whatsoever, where some instructions are given they must be proper and complete.[2] To make reference to preliminary instructions given in other cases which are not a part of the immediate record of trial is error.[3] In the instant case, as in *Waggoner*, the judge predicated his intention to abbreviate his preliminary instructions upon the fact that the court members had recently sat as a court-martial. This was held to be an incorporation of instructions by reference.

■ Where this occurs, a presumption of prejudice arises that is rebutted only "[by clear and convincing evidence] that nothing said or done in the prohibited exchange was detrimental to the accused."[4] Contrary to the situation of a guilty plea case wherein there is no possibility of an incorporation error prejudicing the findings, the Court of Military Appeals in *Waggoner* held that there was "[n]o such *obvious* preclusion of prejudice where . . . there was a plea of not guilty."[5]

"We do not feel that the general nature of the subject matter of the preliminary instructions *alone* clearly and convincingly demonstrates the absence of prejudice . . . ."[6]

In the instant case, we have compared the judge's instructions to the court members with those recommended at paragraph 2–1, Military Judge's Guide, Department of the Army Pamphlet 27–9. These have received endorsement by the Court of Military Appeals.[7] The comparison discloses that, despite his apparent intent to forego extensive instructions, the military judge essentially covered all recommended matters save two. He failed to comment upon his role and responsibilities and he failed to comment upon their roles as members. We have scrutinized the record for any suggestion of confusion, misunderstanding or uncertainty in the minds of the members as to their proper role. Enlightening in this regard are the responses of the members during the voir dire as to their mental frame of reference on presumption of innocence and burden of proof. The record is replete with indications that the members fully respected the authority of the military judge to rule on all interlocutory matters. Members, on four occasions, utilized the proper means of questioning witnesses through the judge and unquestioningly accepted his rulings pertaining to them.

The instructions given by the military judge both prior to findings and prior to sentencing were unmistakably proper and complete.[8] Finally, the findings themselves[9] clearly manifest a full and accurate

2. *United States v. Waggoner*, 6 M.J. 77 (C.M.A. 1978).

3. *Id.*; *United States v. Robles*, 17 U.S.C.M.A. 459, 38 C.M.R. 257 (1968); *United States v. Shafer*, 17 U.S.C.M.A. 456, 38 C.M.R. 254 (1968); *United States v. Forwerck*, 12 U.S.C. M.A. 540, 31 C.M.R. 126 (1961).

4. *United States v. Waggoner, supra* at 80, quoting *United States v. Forwerck, supra* at 544, 31 C.M.R. at 130.

5. *United States v. Waggoner, supra* at 80 (emphasis added).

6. *Id.* (emphasis added).

7. *See United States v. Waggoner, supra*, n. 2 and 12.

8. *Cf. Taylor v. Kentucky*, 436 U.S. 478, 98 S.Ct. 1930, 56 L.Ed.2d 468 (1978).

9. The court found the accused guilty of wrongful appropriation, as charged. However, they found him only guilty of the lesser included offense of aggravated assault under the original charge of attempted murder, and acquitted the accused of an aggravated assault charge against a second victim.

understanding of their roles and responsibilities, the only areas not preliminarily instructed upon.

 In sum, while we condemn the practice of any incorporation of instructions by reference outside the record, we are satisfied by clear and convincing evidence in this record that there was no possibility of prejudice in this case. Accordingly, the error does not require reversal.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge DeFORD concur.