**UNITED STATES, Appellee,**

v.

**Staff Sergeant (E–6) Isaac HUBERT, SSN 354–38–1328, United States Army, Appellant.**

**CM 436919.**

U. S. Army Court of Military Review.

25 Jan. 1979.

---

9. 1 M.J. 453 (C.M.A.1976).

Captain R. Wade Curtis, JAGC, argued the cause for the appellant. With him on the brief were Colonel Edward S. Adamkewicz, Jr., JAGC, Major Benjamin A. Sims, JAGC, and Captain Willard E. Nyman, III, JAGC.

Captain William J. Douglas, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major David McNeill, Jr., JAGC, and Captain Paul W. Jacobson, JAGC.

Before DE FIORI, CARNE and THORNOCK, Appellate Military Judges.

## OPINION OF THE COURT

DE FIORI, Chief Judge:

In a contested case tried before a court with eight members, appellant was found guilty, *inter alia*, of the offenses of rape and kidnapping. He was sentenced to a dishonorable discharge, confinement at hard labor for 40 years, and total forfeitures. The convening authority approved the sentence as adjudged. Of the four errors assigned on appellant's behalf, two require discussion.

### I

After announcing the assembly of the court, the military judge ascertained that all the court members had previously sat as members either of a general or a special court-martial since 1 August 1969. He thereupon addressed the members as follows: "I would ask you to recall at this time those instructions that you have received from military judges on other occasions as to your duties and the duties of other personnel of this court."

This incorporation by reference of preliminary instructions given by military judges in other cases was error. "The integrity of the preliminary instructions cannot be assured . . . by reference to preliminary instructions given in other

cases which are not part of the immediate record of trial." *United States v. Waggoner*, 6 M.J. 77, 79 (C.M.A.1978) (footnote omitted).

■■■ The nature of the error, moreover, gives rise to a presumption of prejudice, which the Government may rebut only by clear and convincing evidence. *Id.* at 79–80; *United States v. Blackowl*, 6 M.J. 816 (A.C.M.R.1978). In an attempt to overcome the presumption of prejudice in this case, the Government has asked us to take judicial notice of portions of two records of trial in the office of the clerk of this Court wherein five of the members of the instant court-martial received complete and correct preliminary instructions from a military judge.[1] We granted the Government's motion, for the Court of Military Appeals stated in *Waggoner*, that it was "the inability to ascertain the preliminary instructions in the previous court-martial [which] prevents us from concluding that the final instructions on findings [2] eliminated any prejudice." [3] Even upon consideration of the contents of these other two records of trial, we believe that this case must be reversed. The sweeping language used by the military judge permitted each court member to consider any preliminary instructions given in any general or special court-martial by any military judge since 1 August 1969, and a review of the instructions given to five of the eight members in only two cases cannot demonstrate clearly and convincingly that some of the court members had not received preliminary instructions in some other proceedings which were prejudicially erroneous.

## II

The second issue warranting discussion concerns matter elicited by the trial counsel during his cross-examination of the appellant during the defense case in chief. During a lengthy and often-rambling direct examination, appellant stated that prior to the rape charged in this case, he had "gone out" with a woman named Audrey Spencer. Appellant also volunteered the following: "There is two things I do when I have intercourse with a woman, believe it or not. I ask whether she takes any type of preventive measures. I ask her has she ever had any venereal disease before." During cross-examination, and over defense objection that such questions were beyond the scope of direct examination, the trial counsel repeatedly asked appellant whether, during his date with Audrey Spencer, he had attacked her and tried to have sex with her. Appellant answered each question in the negative. Audrey Spencer herself was not called as a rebuttal witness, nor was other evidence produced by either side as to whether appellant had in fact attacked her.

■■■ We agree with appellant that the military judge committed prejudicial error by overruling trial defense counsel's objection to this cross-examination. In a rape trial when the sole issue is whether the sexual act was done with the consent of the alleged victim, evidence that the accused committed an uncharged sexual crime is not admissible. *United States v. Wollery*, 5 M.J. 31 (C.M.A.1978). When, however, an accused testifies on direct examination that he has never committed a certain crime, or when such an inference may reasonably be drawn from his testimony, he may be cross-examined thereon with a view to the impeachment of his credibility as a witness. Paragraph 153*b* (2)(b), Manual for Courts-Martial, United States, 1969 (Revised edition). We do not believe, however, that appellant's testimony on direct examination can fairly be read as a denial of all forcible sexual acts, nor that appellant's isolated

---

1. *See United States v. Hawes*, 19 U.S.C.M.A. 173, 41 C.M.R. 173 (1969); *United States v. Lovett*, 7 U.S.C.M.A. 704, 23 C.M.R. 168 (1957). *Cf., United States v. Bethea*, 22 U.S.C.M.A. 223, 46 C.M.R. 223 (1973) (matters not produced at trial may not be used for appellate factual determination germane to a finding on the merits).

2. *See* Article 51(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 851(c).

3. *United States v. Waggoner*, 6 M.J. at 80.

statement concerning Audrey Spencer "opened the door" to the extended questioning pursued by the trial counsel. Trial defense counsel's objection accordingly should have been sustained.

■ The Government nevertheless contends that appellant has not been prejudiced by the trial judge's ruling, inasmuch as appellant categorically denied using force against Spencer or having intercourse with her. Thus, argues the Government, no competent evidence of a sexual crime was actually submitted to the court. While we agree with the Government that the questions of counsel are not evidence, it has recently been held that a prosecutor who asks a question communicating impermissible information to the fact finder commits error, even if the matter contained in the question is not confirmed by a witness' response. *United States v. Sablan*, 6 M.J. 141 (C.M.A.1979). The *Sablan* rationale leads us to a finding of error in the present case, even though the trial counsel's repeated accusatory questions of the appellant pertaining to inadmissible matter were met with unequivocal denials. Notwithstanding the compelling evidence of appellant's guilt, we note that evidence of a prior act of uncharged misconduct of the same kind as that for which the accused is on trial generally has a potential for prejudice that outweighs its probable probative value.[4] Accordingly, we conclude that on the facts of this case the error was prejudicial to appellant's substantial rights.

The findings of guilty and the sentence are set aside. A rehearing may be ordered by the same or a different convening authority.

Senior Judge CARNE and Judge THORNOCK concur.

---

4. *See United States v. Woolery*, 5 M.J. at 33.