UNITED STATES

v.

**Airman First Class, Jeffrey S. MacDONALD, FR 565–11–8520 United States Air Force.**

**ACM 23495.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 2 April 1982.

Decided 20 Aug. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Thomas O. Duvall, USAFR.

Appellate Counsel for the Government: Colonel James P. Porter, Colonel Kenneth R. Rengert and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

HODGSON, Chief Judge:

The accused was convicted of purchasing goods for illegal transfer or the production of income and failing to account for possession or disposition of duty-free items purchased by him, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. He was sentenced to a dishonorable discharge, confinement at hard labor for one year, total forfeitures, payment to the United States of a fine of $6,000.00, and further confinement at hard labor until said fine is paid but not more than one additional year, and reduction to airman basic.

I

On 15 January 1982, Airman First Class Michael R. French was convicted of essentially the same offenses that are presently before us.[1] The same trial partici-

---

1. The findings of guilty and the sentence were affirmed in *United States v. French,* 14 M.J. 510

pants, i.e., military judge, defense counsel, and trial counsel, who were present during the French trial took part in the accused's court-martial proceedings on 2 April 1982. During a motion for appropriate relief at this trial, the following exchange took place:

DC: Your honor, the defense moves, makes a motion for appropriate relief. The defense would make an offer of proof that in this case the government intends to introduce evidence that Airman MacDonald failed to show and tell. It's under United States Forces Korea Regulation 60–1, paragraph 2, and the defense would make a motion to suppress all evidence of the show and tell and we would cite our former argument in *United States versus French,* a special court-martial in which you were presiding as military judge, held here at Kunsan, January 12th, 1982.

MJ: Very well. Captain Greiner, since you were a counsel on French also, would your argument be substantially the same?

TC: Yes your honor, it would be.

MJ: Okay. My ruling is also substantially the same, or is the same although I would not make the same exact findings of fact on that case unless they apply here. I made certain specific findings of fact, but basically my findings of fact, my rulings in that case, are substantially the same, which would hold that 36q of the regulation is constitutional, although there may be some specific findings that would not be applicable here, but what we're doing here is contesting the legality of 36q.

DC: That's true, your honor.

On appeal the accused contends the transcript is non-verbatim because argument on the motion to suppress evidence was incorporated by reference to an earlier trial involving the same trial participants but a different accused. In his view the record

---

(A.F.C.M.R. 1982).

 

was not separate and complete in itself independent of any other document as required by paragraph 82(*b*)(1), Manual for Courts-Martial, United States, 1969 (Rev). He further maintains that only by referring to matters outside the record can the basis for the military judge's ruling be determined.

Initially, we observe that the procedure now challenged by the accused was initiated by his counsel as a trial tactic. *Cf. United States v. Ward,* 13 M.J. 626 (A.F.C.M.R. 1982). In *United States v. Forwerck,* 12 U.S.C.M.A. 540, 31 C.M.R. 126 (1961), a law officer referred the court to instructions he had given earlier that day in another case. In affirming the conviction, Chief Judge Quinn agreed this was error, but concluded the record was not incomplete as the accused and his counsel were present at all times and could have requested that the instructions in the other case be repeated in their entirety.

 In this case before us the accused and his counsel were present during all proceedings and the record as to what took place is full and complete. And as previously indicated, it was at defense counsel's request that his earlier arguments were incorporated by reference. While we do not endorse the method trial defense counsel used to bring the issue before the military judge, we find no prejudice.[2] A Court of Military Review may take judicial notice of cases earlier reviewed. *United States v. Durr,* 47 C.M.R. 622 (A.F.C.M.R. 1973); *rev'd on other grounds,* 48 C.M.R. 47 (C.M.A. 1963); *United States v. Bell,* 46 C.M.R. 726 (A.F.C.M.R. 1972); *see United States v. Surry,* 6 M.J. 800 (A.C.M.R. 1978). We conclude the record before us is a full, complete and verbatim transcript of the proceeding that will permit a review of the judge's ruling. *But see United States v. Waggoner,* 6 M.J. 77 (C.M.A. 1978); *United States v. Blackowl,* 6 M.J. 816 (A.C.M.R. 1978).

2. The better practice would be for the military judge to require counsel to restate their posi-

II

 The accused urges that paragraph 36q, United States Forces Korea/Eighth Army Regulation 60–1, which requires an accounting for possession or disposition of duty free items, violated his rights against self-incrimination. We disagree and hold the cited regulation does not violate the right against self-incrimination. *United States v. French,* 14 M.J. 510 (A.F.C.M.R. 1982), and cases cited herein. The remaining assigned error is resolved adversely to the accused.

The findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

POWELL, Senior Judge, and MILLER, Judge, concur.

tions and the citations of authority for them.